UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Capital Area Immigrants' Rights Coalition, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>Donald J. Trump, *et al.*,<br><br>    Defendants. | Civil Action No. 1:19-cv-02117-RDM |

**RESPONSE TO PLAINTIFFS' NOTICE OF RELATED CASE**

Defendants submit this response in opposition to Plaintiffs' motion to relate this case to *O.A. v. Trump*, 1-18-02718 (D.D.C.). The request to relate these cases should be denied. This case and *O.A.* involve different claims, different parties, different events, and challenges to completely different rules. The cases are not related. The Court should reject Plaintiffs' attempt to misuse the related-case mechanism.

Local Rule 40.5(a)(3) provides that "Civil, including miscellaneous, cases are deemed related when the earliest is still pending on the merits in the District Court and they (i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction or (iv) involve the validity or infringement of the same patent." Plaintiffs invoke only the second of these criteria, asserting the two cases "involve common issues of fact." *See* Notice of Related Case. "The fundamental rationale for the general rule requiring random assignment of cases is to ensure greater public confidence in the integrity of the judicial process. The rule guarantees fair and equal distribution of cases to all judges, avoids public perception or appearance

of favoritism in assignments, and reduces opportunities for judge-shopping." *Tripp v. Executive Office of the President*, 196 F.R.D. 201, 202 (D.D.C.2000) (discussing Rule 40.3). Accordingly, "[t]he party requesting related-case designation and seeking to avoid random assignment bears the burden of showing that the cases are related under a provision of Local Civil 40.5." *Judicial Watch, Inc. v. Rossotti*, 2002 WL 31100839, at *1 (D.D.C. Aug. 2, 2002).

Plaintiffs fail to make this showing here. *O.A.*, as consolidated with *S.M.S.R.*, involves a challenge by various plaintiffs, including organizations and individual aliens, to an interim final rule, "Aliens Subject to a Bar on Entry Under Certain Presidential Proclamations; Procedures for Protection Claims," 83 Fed. Reg. 55,934 (Nov. 9, 2018), and a Proclamation issued by the President of the United States. That rule renders ineligible for asylum any alien who illegally crosses the southern border without presenting for inspection at a port of entry if a Presidential proclamation forbidding such entry is in effect. *See id.* Plaintiffs in *O.A.* allege that this rule: (1) conflicts with 8 U.S.C. § 1158(a)(1), *O.A.* Compl. ¶¶ 4, 74-80; (2) conflicts with the expedited removal statute, 8 U.S.C. § 1225(b)(1), *id.* ¶¶ 5, 81-91; (3) conflicts with the Trafficking Victims Protection Reauthorization Act, *id.* ¶¶ 6, 92-101; (4) is arbitrary and capricious under the Administrative Procedure Act (APA), *id.* ¶¶ 102-03; (5) violates the Appointments Clause and 28 U.S.C. § 508, *id.* ¶¶ 104-12; (6) violates section 1158(b)(2)(C)'s alleged requirement that new limitations be promulgated by regulation, *id.* ¶¶ 113-18; (7) was improperly issued without notice and comment. *id.* ¶¶ 119-20; and (8) is ultra vires, *id.* ¶¶ 121-22. The *S.M.S.R.* Plaintiffs, whose case was related to and consolidated with *O.A.*, raise similar claims. *See S.M.S.R.* Compl. ¶¶ 178-233.

This case, by contrast, does not challenge that rule and does not concern common issues of fact with *O.A.* This case involves a challenge raised by two organizational plaintiffs primarily

under the APA, to an interim final rule titled "Asylum Eligibility and Procedural Modifications," 84 Fed. Reg. 33829 (July 16, 2019), issued by the Departments of Justice and Homeland Security, that provides that "an alien who enters or attempts to enter the United States across the southern border after failing to apply for protection in a third country outside the alien's country of citizenship, nationality, or last lawful habitual residence through which the alien transited en route to the United States is ineligible for asylum." *Id.* at 33830. Plaintiffs in this case allege that this rule violates the APA because it: (1) conflicts with 8 U.S.C. §§ 1158(a), (a)(2)(A), (b)(2)(A)(vi); (2) was improperly issued without notice and comment under 5 U.S.C. § 553; (3) conflicts with the Trafficking Victims Protection Reauthorization Act and 8 U.S.C. § 1158(b)(3)(C); and (4) violates the Due Process Clause of the Fifth Amendment. *See* Compl. ¶¶ 153-83.

This case does not concern issues of fact that are common to *O.A*. These cases involve different rules that do different things, that were promulgated to address different factual circumstances, and that were issued at different times. Key statutory provisions at issue in this case—sections 1158(a)(2)(A) and 1158(b)(2)(A)(vi)—are not squarely at issue in *O.A*. Many claims in the two cases clearly do not overlap, and any commonality in the general nature of the remaining claims in the cases is largely superficial because the two cases involve two completely different rules that must be assessed on their own merits. The aliens with a direct interest in the rule here are also distinct from those affected by the 2018 rule challenged in *O.A.*: the 2018 rule applies to those who crossed the border illegally, yet this new rule applies to those who have not sought relief in a third country. And *O.A.* does not require review the *different* administrative record *in this case* for the purpose of assessing whether the challenged rule is arbitrary and capricious. Thus, this case and *O.A./S.M.S.R.* involve materially different rules, different claims challenging those rules, and different parties alleged to be affected by those rules.

To the extent that Plaintiffs may be suggesting that these cases involve common issues of fact because both cases involve requests for declaratory and injunctive relief directed at interim final rules issued without notice and comment and arising in the context of Executive Branch regulation of the border, Plaintiffs are mistaken. This Court should reject such a boundless approach to deeming cases "related." Thousands of cases could be said to involve declaratory and injunctive relief directed at Executive action impacting the border. Such a theory of relatedness would create an end-run around the random assignment of cases in this or any other jurisdiction and render a nullity general rules governing jurisdiction and venue.  And the possibility that both cases involve similar plaintiffs purporting to speak on behalf of migrants arriving by way of Mexico does not mean the cases involve common questions of fact.  *Thomas v. National Football League Players Ass'n*, 1992 WL 43121, *1 (D.D.C.1992) ("the court has adopted a strict position that ... 'the same parties' means identical parties, not parties in interest"); *Dale v. Exec. Office of President,* 121 F. Supp. 2d 35, 37 (D.D.C. 2000) (cases do not involve common facts "merely because [they] involve[]" a similar claim). Instead, the rules at issue in these two cases apply to different populations of aliens and those true parties in interest are not identical. Were it otherwise, each case involving APA claims raised by migrants at or near the southern border would be related. If anything, insofar as Plaintiffs believe that these cases involve an understanding of events at the border, that view would raise questions as to why this case was brought in this District rather than a District where the alleged events being challenged will take place.

Plaintiffs would also be wrong to suggest that these cases concern common issues of fact because many of the defendants and the two plaintiff organizations are in both cases.  As to Defendants, the Departments of Justice or Department Homeland Security or their components are defendants in nearly every immigration case, and their presence obviously does not warrant

circumventing the normal, random assignment of cases that applies in this district. To hold otherwise would require every immigration case to be venued in this District and assigned to this Court, which is contrary to the letter and purpose of Rule 40.5, to say nothing of general venue principles. And it is contrary to the settled rule in this District that even where a party alleges to "have been injured by the same policies of defendant and in the same manner as were the plaintiffs" in the prior case, that is not enough to find the cases involve common issues of fact. *See Dakota Rural Action v. United States Dep't of Agric.*, No. CV 18-2852 (BAH), 2019 WL 1440134, at *2 (D.D.C. Apr. 1, 2019). Of course, Plaintiffs in this case do not and cannot allege being "injured by the same policies … and in the same manner" as the plaintiffs in O.A., so this case plainly is not related to *O.A*. *See id.* As for Plaintiffs, their participation as organizational plaintiffs does not give rise to standing when those principles are properly applied, and *O.A*. and *S.M.S.R.* involved individuals actually allegedly subject to the challenged policies; this case does not. Even if the organizations were able to establish standing on an organizational or associational standing theory, that theory would rely on the actual alleged injuries suffered by individual aliens who are actually subject to the new rule. But, as noted, these individuals with a direct interest in the rule here are distinct from those affected by the 2018 rule challenged in *O.A.*: the 2018 rule applies to those who crossed the border illegally, yet this recent rule applies to those who have not sought protection in a third country while en route to the United States. Thus, the true parties in interest in both cases are different and would be seeking relief on different grounds.

Plaintiffs might also suggest that the Court has already expended significant resources to understanding the legal issues and the factual background in *O.A.* But that does not show that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges. Again, as noted, the cases involves different policies and

are challenged based on different statutory provisions, will entail review of different administrative records, will involve different issues of standing and justiciability, and will involve factual allegations that are unique to each case and do not overlap. The fact that both cases involve APA claims generally or that some aspect of the government is a defendant does not mean litigating the cases separately will be an unduly burdensome duplication of labor. Indeed, each APA case must be reviewed on its own administrative record, which will be meaningfully different in this case even if there is some overlap. Again, the legal issues and factual background of both cases are different, and suggesting otherwise prejudges the new case on the merits in a manner suggestive of forum shopping.

In short, this case and *O.A.* involve different factual issues, require review of different administrative records, and necessitate application of different provisions of the Immigration and Nationality Act. For these reasons, the government respectfully submits that these cases do not "involve common issues of fact," and so are not related for purposes of Rule 40.5.

//

//

        Respectfully submitted,

        JOSEPH H. HUNT
        Assistant Attorney General

        SCOTT G. STEWART
        Deputy Assistant Attorney General

        WILLIAM C. PEACHEY
        Director

By: /s/ *Erez Reuveni*
        EREZ REUVENI
        Assistant Director
        Office of Immigration Litigation
        U.S. Department of Justice, Civil Division
        P.O. Box 868, Ben Franklin Station
        Washington, DC 20044
        Tel: (202) 307-4293
        Email: Erez.R.Reuveni@usdoj.gov

        PATRICK GLEN
        Senior Litigation Counsel

        FRANCESCA GENOVA
        Trial Attorneys

Dated: July 17, 2019        *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2019, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of for the District of Columbia by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

By: */s/ Erez Reuveni*
    EREZ REUVENI
    Assistant Director
    United States Department of Justice
    Civil Division