**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CAPITAL AREA IMMIGRANTS' RIGHTS COALITION *et al.*,<br><br>    *Plaintiffs*,<br>v.<br><br>DONALD J. TRUMP *et al.*,<br><br>    *Defendants*. | Civil Action No. 19-2117 (TJK) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Capital Area Immigrants' Rights Coalition and Refugee and Immigrant Center for Education and Legal Services, Inc., commenced this action on July 16, 2019, challenging the interim final rule "Asylum Eligibility and Procedural Modifications," 84 Fed. Reg. 33,829, issued by Defendants on that same date. ECF No. 1. On August 6, 2019, they filed an amended complaint, including as new plaintiffs one additional organization and nine individuals. *See* ECF No. 31-2. Plaintiffs seek leave for the individuals to proceed using pseudonyms and to file their proposed amended complaint accordingly. They further seek leave to file under seal the accompanying declarations in support of their motion for leave to proceed pseudonymously. Defendants do not oppose Plaintiffs' motion. ECF No. 35. For the reasons set forth below, the Court will grant it.

**I.     Background**

The individual plaintiffs are nine persons from five different countries seeking asylum in the United States. They are comprised of six adults and three unaccompanied minors, all of whom entered the United States at the southern border on or after July 16, 2019. Each individual plaintiff, in an accompanying declaration filed under seal, represents that he or she is fleeing

threats of severe violence or death, and they all state that they would fear for their own safety and that of their families if their names were disclosed as a result of their participation in this lawsuit. Accordingly, Plaintiffs seek leave of Court for the individual plaintiffs to proceed pseudonymously. And they further request that the individual plaintiffs' declarations describing in more detail the grounds for their request remain under seal. As already noted, Defendants do not oppose Plaintiffs' motion.

## II.     Legal Standard

Generally, a complaint must state the names of the parties. *See* Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1); LCvR 11.1. The public's interest "in knowing the names of . . . litigants" is critical because "disclosing the parties' identities furthers openness of judicial proceedings." *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) ("[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." (footnotes omitted)). Nevertheless, courts have, in special circumstances, permitted a party to "proceed anonymously" when a court determines the need for "the plaintiff's anonymity" outweighs "the public interest in open proceedings" and considers the "fairness to the defendant." *Nat'l Ass'n of Waterfront Emp'rs v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008). Indeed, the D.C. Circuit has instructed that it is within the discretion of a court to grant the "rare dispensation" of anonymity provided that the court "inquire into the circumstances of [the] particular case[]," including by considering the unfairness to the opposing party and the customary presumption of openness in judicial proceedings. *United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995) (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)).

With that guidance, in considering whether to allow plaintiffs to proceed under pseudonyms, courts in this Circuit have typically applied a five-factor test aimed at balancing

those competing interests.  *See, e.g.*, *Eley v. District of Columbia*, Case No. 16-cv-806 (BAH/GMH), 2016 WL 6267951 (D.D.C. Oct. 25, 2016).  Those factors include: (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.  *See Chao*, 587 F. Supp. 2d at 99.  And when the individual in question is a minor, Federal Rule of Civil Procedure 5.2(a) provides that any filing presumptively may only include the minor's initials.  *See also* LCvR 5.4(f)(2) ("If the involvement of a minor child must be mentioned, only the initials of that child should be used.").

The D.C. Circuit has also instructed that, as a general matter, courts are to apply an analogous set of factors when determining whether court filings should be sealed from public view.  *See United States v. Hubbard*, 650 F.2d 293, 317–22 (D.C. Cir. 1980).  Those include: (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.[1]

---

[1] Some courts also rely on the *Hubbard* factors in determining whether to allow a plaintiff to remain anonymous.  *See, e.g.*, *John Doe Co. No. 1 v. CFPB*, 195 F. Supp. 3d 9, 15–17 (D.D.C. 2016).  But it is not clear that the two tests differ in any material respect in application, and they both require the same general balancing inquiry of "whether the non-speculative privacy interests

**III.     Analysis**

Upon consideration of Plaintiffs' motion and the supporting declarations, the Court finds that they have met their burden of showing that their privacy interests outweigh the public's presumptive and substantial interest in knowing the details of this litigation. Furthermore, the Court concludes that the declarations submitted in support of Plaintiffs' motion should remain under seal.

The individual plaintiffs maintain that the facts underlying their claims "involve sensitive and highly personal information, such that their names should not be exposed to the public." ECF No. 31-1 at 5. Indeed, that information, they note, is "particularly sensitive due to the serious violence and persecution" they aver they "already have experienced and stand to face again if their identities are revealed." *Id.* As described in her declaration, one of the individuals fled her home country after being sexually abused repeatedly by a gang member and told that her brother would be harmed if she did not comply with the gang's demands. *See* ECF No. 31-3. Another describes fleeing her home country after being harassed and physically beaten by the government in retaliation for her political views. *See* ECF No. 31-4. A third describes being kidnapped and beaten on account of her religious beliefs, including having a gun held to her head by individuals she believes were members of the police. *See* ECF No. 31-5. Two more of the adult plaintiffs describe being threatened and extorted by gangs in their home country, *see* ECF No. 31-6; ECF No. 31-7, and a sixth describes fleeing her home country due repeated harassment and death threats she and her daughter received from a gang, *see* ECF No. 31-8.

---

that the movants have identified outweigh the public's substantial interest in knowing the identifies of parties in litigation, along with any legitimate interest that the non-moving parties[] . . . may have in revealing the identity of the movants." *Id.* at 17. Indeed, as the Court's discussion below makes clear, the Plaintiffs would meet their burden under either test.

As to the three minor plaintiffs, they too describe fleeing threats of violence and sexual abuse. Two of them are siblings who state that they fled their home country after men came to their house and threatened to kill their entire family on account of their older brother's sexual orientation. *See* ECF No. 31-9; ECF No. 31-10. And the third states that she fled to the United States after her stepfather raped her and, when she reported him to the police, threatened her life and told her he intended to continue to abuse her. *See* ECF No. 31-11.

These allegations are sensitive and highly personal in nature, and identifying the individuals making them could place them and their families at risk of further harm. The public's interest in judicial transparency, though substantial, is outweighed by the acute privacy interests and safety concerns implicated here. Moreover, Defendants do not oppose Plaintiffs' requests, and because the identities of the individual plaintiffs and the factual allegations underlying their claims for asylum are already known to the government in connection with their asylum applications and immigration proceedings, *see* ECF No. 31-1 at 11, there is little risk of prejudice to Defendants in allowing the individual plaintiffs to proceed pseudonymously. Finally, as the Court noted, the minor plaintiffs are to presumptively remain anonymous under the applicable federal and local rules in any event.

For similar reasons, the Court finds that the accompanying declarations should remain under seal as well. Submitted for the purpose of supporting Plaintiffs' motion to proceed anonymously, they recount intimate details of each individual plaintiff's experience, including details of physical and sexual violence. Making the declarations publicly available could, as noted, subject the plaintiffs and their families to a risk of harm. The public's interest in accessing these declarations, which have never been accessible, does not outweigh those

considerations. And importantly, Defendants have not objected to placing the declarations under seal.

For these reasons, the Court concludes that, on balance, the applicable factors weigh in favor of allowing these declarations to remain under seal.

**IV.     Conclusion and Order**

For the foregoing reasons, it is hereby **ORDERED** that Plaintiffs' Motion for Leave to File Using Pseudonyms and Under Seal, ECF No. 31, is **GRANTED**. Plaintiffs J.M.M., D.L.R., Z.B.M., Y.G.C., M.Y.R.B., K.M.V.M., W.M.R.O., C.C.R.O., and N.G.R.L. may proceed in the case using their initials only, and the declarations attached to Plaintiffs' motion shall remain under seal until further order of the Court.

It is further **ORDERED** that Plaintiffs shall file on the public docket, no later than August 19, 2019, copies of the following:

- Plaintiffs' Amended Complaint as attached to their motion, ECF No. 31-2; and
- Plaintiffs' Memorandum of Law in support of their motion, ECF No. 31-1.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: August 18, 2019