UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CAPITAL AREA IMMIGRANTS' RIGHTS COALITION, *et al.*,

        Plaintiffs,

  v.

DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,

        Defendants.

Civil Action No. 1:19-cv-02117-TJK

### [PROPOSED] PRELIMINARY INJUNCTION

This matter came before the Court on Plaintiffs' Motion for Preliminary Injunction (the "Motion"). Having considered the Motion and the documents filed therewith, including supporting declarations, Plaintiffs' Amended Complaint, and the files and records herein, and good cause appearing therefor, the Court hereby finds and concludes as follows.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

To obtain a preliminary injunction, Plaintiffs must establish: (1) that irreparable harm is likely in the absence of preliminary relief, (2) a likelihood of success on the merits, (3) that the balance of the equities tips in Plaintiffs' favor, and (4) that an injunction is in the public interest. *See Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Based on the record before the Court, Plaintiffs Capital Area Immigrants' Rights Coalition ("CAIR Coalition"), Refugee and Immigrant Center for Education and Legal Services, Inc. ("RAICES"), Human Rights First ("HRF"), J.M.M., D.L.R., Z.B.M., Y.G.C., M.Y.R.B., K.M.V.M., W.M.R.O., C.C.R.O., and N.G.R.L. (together, "Plaintiffs") will face immediate and irreparable injuries as a result of the implementation and enforcement of the interim final rule

issued by Defendants dated July 16, 2019, entitled *Asylum Eligibility and Procedural Modifications*, 84 Fed. Reg. 33,892 (July. 16, 2019) (the "Rule").  Absent an injunction, the Rule will prevent migrants like Plaintiffs J.M.M., D.L.R., Z.B.M., Y.G.C., M.Y.R.B., K.M.V.M., W.M.R.O., C.C.R.O., and N.G.R.L. from being considered eligible for asylum consistent with the laws of the United States and place them at imminent risk of deportation to countries in which they may face persecution and violence.  Correspondingly, implementation of the Rule also will substantially compromise the resources of CAIR Coalition, RAICES, and HRF and their abilities to assist as many migrants as possible consistent with their organizational missions.  Further, Defendants' promulgation of the Rule without employing the notice and comment procedures required under the Administrative Procedure Act, 5 U.S.C. § 553, deprived Plaintiffs of the ability to file comments opposing the policy.  Each of the foregoing harms is significant and irreparable.

It is likely that Plaintiffs will prevail on the merits of the claims set forth in their Amended Complaint.  A preliminary injunction against Defendants, in the manner set forth below, is necessary until a determination of the merits of Plaintiffs' claims may be held.

The balance of the equities and the public interest also favor the relief sought by Plaintiffs.  In particular, the issuance of preliminary injunction will not cause substantial harm to Defendants and will maintain the status quo pending resolution of the merits of this case.

The Court continues to have jurisdiction over Defendants and the subject matter of this case.

No security bond is required under Federal Rule of Civil Procedure 65(c).

## PRELIMINARY INJUNCTION

Now, therefore, Plaintiffs' Motion is GRANTED, and it is hereby ORDERED that:

1.     Defendants and all of their respective officers, agents, servants, employees, and attorneys, and persons in active concert or participation with them, are hereby enjoined fully from enforcing or implementing the Rule across the nation.  Enforcement or implementation of the Rule at all United States borders, ports of entry, and in the processing of asylum claims is prohibited, pending further order of this Court.

2.     Defendants shall immediately provide a copy of this Preliminary Injunction to any persons or entity that may be subject to it, including Defendants' officers, agents, servants, employees, and attorneys, and persons in active concert or participation with them or who have any involvement in the removal of individuals from the United States.

Date: _____                                                                  _____
                                                                                                           United States District Judge