UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAPITAL AREA IMMIGRANTS' RIGHTS COALITION, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>    Defendants. | Civil Action No. 1:19-cv-02117-TJK |
| I.A., *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>WILLIAM BARR, in his official capacity as Attorney General of the United States, *et al.*,<br><br>    Defendants. | Civil Action No. 1:19-cv-02530 |

**DEFENDANTS' CONSOLIDATED STATEMENT OF
UNDISPUITED MATERIAL FACTS**

  This is a case seeking review of substantive agency action under the Administrative Procedure Act (APA). In such cases, summary judgment "serves as the mechanism for deciding, as a matter of law, whether agency action is . . . consistent with the APA standard of review." *Sierra Club v. Mainella*, 459 F.Supp.2d 76, 90 (D.D.C. 2006) (citing *Richards v. INS*, 554 F.2d 1173, 1177 & n. 28 (D.C. Cir. 1977)). Accordingly, when a party seeks review of agency action under the APA," the usual summary judgment standard does not apply and "the district judge"

1

instead "sits as an appellate tribunal." *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001). There is no factual "record" in such a case, other than the administrative record before the agency. *See, e.g.*, *IMS, P.C. v. Alvarez*, 129 F.3d 618, 623 (D.C. Cir. 1997) ("It is a widely accepted principle of administrative law that the courts base their review of an agency's actions on the materials that were before the agency at the time its decision was made."); *Gore v. D.C.*, 67 F. Supp. 3d 147, 151 (D.D.C. 2014) ("Contrary to Plaintiff's contention, parties are not required to submit a statement of undisputed materials facts in cases where 'judicial review is based solely on the administrative record.'"). Thus, Defendants submit this Statement of Undisputed Material Facts in support of their justiciability arguments in Defendants' Opposition to Plaintiffs' Motions for Preliminary Injunction, which the parties and this Court are treating as Motions for Summary Judgment. *See, e.g.*, *Chesapeake Climate Action Network v. Export-Import Bank of the U.S.*, 78 F. Supp. 3d 208, 217 (D.D.C. 2015) ("Although judicial review of agency action is typically confined to the administrative record, where there is not sufficient evidence of standing in the record because the question was not before the agency, plaintiffs may submit extra-record evidence to establish standing.").

1. Seventeen of the twenty-two individual Plaintiffs are in ongoing removal proceedings under 8 U.S.C. § 1229a. Those seventeen are Y.G.C., J.M.M., D.L.R., Z.B.M., N.G.RL., W.M.R.O., C.C.R.O., M.Y.R.B., K.M.V.M., L.C., M.X., L.A., A.L.G., A.G., N.B, D.C., and C.S.

2. Defendants' position is that the seventeen individual alien Plaintiffs who are in removal proceedings under section 1229a must raise their claims concerning the rule at issue in this case through their immigration proceedings, before seeking review in an Article III court. *See* 8 U.S.C. §§ 1252(a)(5) ("[A] petition for review filed with an appropriate court of

appeals in accordance with this section *shall be the sole and exclusive means* for judicial review of an order of removal ... .") (emphasis added); *id.* § 1252(b)(9) ("Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States ... shall be available only in judicial review of a final order under this section" and no district court "shall have jurisdiction ... to review such an order or such questions of law or fact.").

3. Y.G.C.: On August 16, 2019, the San Antonio Immigration Court received a Notice to Appear (NTA) for Y.G.C. Declaration of Elizabeth Burgus ¶ 3 (attached hereto as Exhibit (Ex.) 1); *see also* NTA and transmittal sheet (Ex. C attached to Defendants' Opposition to Motions for Preliminary Injunction (under seal)). An initial master calendar hearing was held on August 26. Burgus Decl. ¶ 4. The hearing was adjourned until September 23. *Id*. A subsequent hearing was held on September 23. *Id.* ¶ 5. The immigration judge found Y.G.C. to be removable as charged. *Id*. The hearing was adjourned until October 30 to allow time to file an application for relief from removal. *Id*. The removal proceedings remain pending. *Id.* ¶ 6.

4. J.M.M.: On August 21, the San Antonio Immigration Court received an NTA for J.M.M. Burgus Decl. ¶ 9. A master calendar hearing was held on September 19. *Id.* ¶ 10. The hearing was adjourned until October 16 to allow J.M.M. time to obtain counsel. *Id*. The removal proceedings remain pending. *Id.* ¶ 11.

5. D.L.R.: On August 15, the San Antonio Immigration Court received an NTA for D.L.R. Burgus Decl. ¶ 14; *see also* NTA and transmittal sheet (Ex. H attached to Defendants' Opposition to Motions for Preliminary Injunction (under seal)). An initial master calendar

hearing was held on August 27. *Id.* ¶ 15. The hearing was adjourned until September 23 to allow time for D.L.R. to obtain counsel. *Id.* A subsequent hearing was held on September 23. *Id.* ¶ 16. A subsequent hearing was held on September 23. *Id.* The immigration judge found D.L.R. to be removable as charged. *Id.* The hearing was adjourned until October 30 to allow time to file an application for relief from removal. *Id.* The removal proceedings remain pending. *Id.* ¶ 17.

6. Z.B.M.: On August 28, the San Antonio Immigration Court received an NTA for Z.B.M. Burgus Decl. ¶ 20; *see also* NTA and transmittal sheet (Ex. D attached to Defendants' Opposition to Motions for Preliminary Injunction (under seal)). An initial master calendar hearing was held on September 16. Burgus Decl. ¶ 21. The hearing was adjourned until October 16 to allow time for Z.B.M. to obtain counsel. *Id.* The removal proceedings remain pending. *Id.* ¶ 22.

7. N.G.R.L.: On August 27, the Houston Immigration Court received an NTA for N.G.R.L. Burgus Decl. ¶ 23; *see also* NTA (Ex. E attached to Defendants' Opposition to Motions for Preliminary Injunction (under seal)). An initial master calendar hearing is scheduled for December 12. Burgus Decl. ¶ 24. The removal proceedings remain pending. *Id.* 25.

8. W.M.R.O.: On August 28, the Houston Immigration Court received an NTA for W.M.R.O. Burgus Decl. ¶ 26; *see also* NTA (Ex. F attached to Defendants' Opposition to Motions for Preliminary Injunction (under seal)). An initial master calendar hearing is scheduled for December 4. Burgus Decl. ¶ 27. The removal proceedings remain pending. *Id.* ¶ 28.

9. C.C.R.O.: On August 29, the Houston Immigration Court received an NTA for C.C.R.O. Burgus Decl. ¶ 29; *see also* NTA (Ex. G attached to Defendants' Opposition to Motions

for Preliminary Injunction (under seal)). An initial master calendar hearing is scheduled for December 4. Burgus Decl. ¶ 30. The removal proceedings remain pending. *Id*. 31.

10. <u>M.Y.R.B.</u>: On August 30, the Boston Immigration Court received an NTA for M.Y.R.B. Burgus Decl. ¶ 32. An initial master calendar hearing is scheduled for October 23. *Id*. 33. The removal proceedings remain pending. *Id*. 34.

11. <u>K.M.V.M.</u>: On August 23, the New York City Immigration Court received an NTA for K.M.V.M. Burgus Decl. ¶ 37, *see also* NTA and ICE Notice to EOIR reflecting notice of release to New York City Immigration Court (Ex. I attached to Defendants' Opposition to Motions for Preliminary Injunction (under seal)). An initial master calendar hearing is scheduled for October 1. Burgus Decl. ¶ 38. The removal proceedings remain pending. *Id*. ¶ 39.

12. <u>L.C.</u>: On August 27, the Memphis Immigration Court received an NTA for L.C. Burgus Decl. ¶ 42, *see also* NTA (Ex. J attached to Defendants' Opposition to Motions for Preliminary Injunction (under seal)). An initial master calendar hearing is scheduled for October 15. Burgus Decl. ¶ 43. The removal proceedings remain pending. *Id*. ¶ 44.

13. <u>M.X.</u>: On August 27, the Memphis Immigration Court received an NTA for M.X. Burgus Decl. ¶ 45, *see also* NTA (Ex. L attached to Defendants' Opposition to Motions for Preliminary Injunction (under seal)). An initial master calendar hearing is scheduled for October 15. Burgus Decl. ¶ 46. The removal proceedings remain pending. *Id*. ¶ 47.

14. <u>L.A.</u>: On August 23, the Varick Immigration Court in New York received an NTA for L.A. Burgus Decl. ¶ 48, *see also* NTA (Ex. K attached to Defendants' Opposition to Motions for Preliminary Injunction (under seal)). An initial master calendar hearing was held on September 4. Burgus Decl. ¶ 49. Counsel requested additional time to prepare, and the

hearing was adjourned to September 26. *Id*. On September 26, another master calendar hearing was held, and L.A. filed an application for asylum, withholding of removal, and protection under the Convention Against Torture. *Id*. ¶ 50. L.A.'s attorney requested additional time to supplement the applications for relief. *Id*. The immigration court sustained the charge of removability and the hearing was adjourned until October 31. *Id*. The removal proceedings remain pending. *Id*. ¶ 51.

15. <u>A.L.G. and A.G.</u>: On August 23, the San Francisco Immigration Court received the NTAs for A.L.G. and A.G., and the immigration court joined their proceedings. Burgus declaration ¶ 52, *see also* NTAs (Exs. M and N attached to Defendants' Opposition to Motions for Preliminary Injunction (under seal)). An initial master calendar hearing is scheduled for September 30. Burgus Decl. ¶ 53. The removal proceedings remain pending. *Id*. ¶ 54.

16. <u>N.B.</u>: On August 26, the Chicago Immigration Court received an NTA for N.B. Burgus Decl. ¶ 55, *see also* NTA (Ex. O (incorrectly marked as Ex. N) attached to Defendants' Opposition to Motions for Preliminary Injunction (under seal)). N.B. is scheduled to appear for an affirmative asylum interview before USCIS on October 17. USCIS Interview Reschedule Notice (redacted copy attached hereto as Ex. 2). An initial master calendar hearing before the immigration court is scheduled for July 23, 2020. Burgus Decl. ¶ 56. The removal proceedings remain pending. *Id*. ¶ 57.

17. <u>D.C.</u>: On September 5, the Elizabeth Immigration Court received the Notice of Referral for Credible Fear Review for D.C. Burgus Decl. ¶ 58. On September 10, the immigration judge vacated the asylum officer's determination. *Id*. ¶ 59.

18. C.S.: On September 12, the Elizabeth Immigration Court received an NTA for C.S. Burgus Decl. ¶ 62. On September 23, C.S. appeared for an initial master calendar hearing. *Id*. The hearing was adjourned to allow time for C.S. to find an attorney. *Id*. The removal proceedings remain pending. *Id*. ¶ 63.

19. I.A. and E.B.: These individuals remain in criminal custody, and have therefore not been referred for a credible fear interview. *See* Exs. A and B attached to Defendants' Opposition to Motions for Preliminary Injunction (under seal); *see also* Burgus Decl. ¶¶ 40-41 (reflecting no EOIR records for I.A. or E.B.).

20. P.P. and A.C.: On August 23, the Pearsall Immigration Court received the Notices of Referral for Credible Fear Review for P.P. and A.C. Burgus Decl. ¶ 65. The immigration court joined their proceedings. *Id*. On September 3, P.P. and A.C. appeared for a credible hear review hearing. *Id*. ¶ 66. The immigration judge affirmed the decision of the asylum officer. *Id*. Therefore, they have final orders of expedited removal. *See* Exs. 1 and 2 attached to Defendants' Opposition to Plaintiffs' Motion for Emergency Stay (filed under seal).

21. Y.D.: On August 26, the Elizabeth Immigration Court received the Notice of Referral for Credible Fear Review for Y.D. Burgus Decl. ¶ 67. On September 4, Y.D. appeared with counsel for the credible fear review hearing. *Id*. ¶ 69. The immigration judge affirmed the decision of the asylum officer. *Id*. Therefore, Y.D. has a final order of expedited removal. *See* Ex. 3 attached to Defendants' Opposition to Plaintiffs' Motion for Emergency Stay (filed under seal).

        Respectfully submitted,

        JOSEPH H. HUNT
        Assistant Attorney General

        SCOTT G. STEWART
        Deputy Assistant Attorney General

        WILLIAM C. PEACHEY
        Director

        EREZ REUVENI
        Assistant Director

        *s/Lauren C. Bingham*
        LAUREN C. BINGHAM
        Senior Litigation Counsel
        U.S. Department of Justice, Civil Division
        Office of Immigration Litigation
        P.O. Box 868, Ben Franklin Station
        Washington, DC 20044
        Tel: (202) 616-4458
        Email: Lauren.C.Bingham@usdoj.gov

        PATRICK GLEN
        Senior Litigation Counsel

Dated: September 30, 2019        *Attorneys for Defendants*

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAPITAL AREA IMMIGRANTS' RIGHTS COALITION, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, <br><br> Defendants. | Civil Action No. 1:19-cv-02117-TJK |
| I.A., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM BARR, in his official capacity as Attorney General of the United States, *et al.*, <br><br> Defendants. | Civil Action No. 1:19-cv-02530 |

DECLARATION OF PARALEGAL SPECIALIST

I, **ELIZABETH BURGUS**, do hereby declare under penalty of perjury that the following statements are true and correct to the best of my knowledge, information, and belief:

1. I hold the position of Paralegal Specialist in the Office of the General Counsel ("OGC") for the Executive Office for Immigration Review ("EOIR"). My duties include, among other matters, reviewing records of proceedings ("ROP") and EOIR electronic database records for purposes of confirming case procedural history. I make this declaration in my official capacity.

1

2. I have performed a query of the EOIR electronic database records related to the proceedings for the named plaintiffs in *Capital Area Immigrants' Rights Coalition., v. TRUMP et al.*, 1:19-cv-02117-TJK, and in *I.A., et al., v. Barr, et al.*, 1:19-cv-02530. I have reviewed the results of this query and am familiar with the full names, A numbers, and procedural history of the proceedings for the following plaintiffs, as reflected in the EOIR electronic database records.

<u>Y.G.C.</u>

3. On August 16, 2019, the San Antonio Immigration Court in Texas received the Notice to Appear ("NTA") for Y.G.C.

4. An initial master calendar hearing was conducted on August 26, 2019. Y.G.C. appeared by video-teleconference ("VTC") from the Karnes County Residential Center. The hearing was adjourned until September 23, 2019, for Y.G.C. to obtain counsel.

5. A subsequent master calendar hearing was conducted on September 23, 2019. Y.G.C. appeared without counsel. The Immigration Judge found Y.G.C. to be removable as charged. The hearing was adjourned to October 30, 2019 to allow Y.G.C. time to file an application for relief from removal.

6. The removal proceedings remain pending.

<u>J.M.M.</u>

7. On July 24, 2019, the San Antonio Immigration Court received a Notice of Referral for Credible Fear Review for J.M.M.

8. On July 30, 2019, the San Antonio Immigration Court conducted a credible fear review proceeding. J.M.M. appeared with counsel by VTC from the Karnes County Residential Center. The Court vacated the asylum officer's decision.

9. On August 21, 2019, the San Antonio Immigration Court received the NTA for J.M.M.

10. An initial master calendar hearing was held on September 19, 2019. J.M.M. appeared by VTC from the Karnes County Residential Center. The hearing was adjourned until October 16, 2019, for J.M.M. to obtain counsel.

11. The removal proceedings remain pending.

D.L.R.

12. On July 24, 2019, the San Antonio Immigration Court received a Notice of Referral for Credible Fear Review for D.L.R.

13. On July 30, 2019, the San Antonio Immigration Court conducted a credible fear review proceeding. D.L.R. appeared by VTC from the Karnes County Residential Center. The Court vacated the asylum officer's decision.

14. On August 15, 2019, the San Antonio Immigration Court received the NTA for D.L.R.

15. An initial master calendar hearing was held on August 27, 2019. D.L.R. appeared by VTC from the Karnes County Residential Center. The hearing was adjourned until September 23, 2019, for D.L.R. to obtain counsel.

16. A subsequent master calendar hearing was conducted on September 23, 2019. D.L.R. appeared by VTC from the Karnes County Residential Center without counsel. The Immigration Judge found D.L.R. to be removable as charged. The hearing was adjourned to October 30, 2019 to allow D.L.R. time to file an application for relief from removal.

17. The removal proceedings remain pending.

Z.B.M.

18. On July 25, 2019, the San Antonio Immigration Court received a Notice of Referral for Credible Fear Review for Z.B.M.

19. On July 26, 2019, the San Antonio Immigration Court conducted a credible fear review proceeding. Z.B.M. appeared by VTC from the Karnes County Residential Center. The Court vacated the asylum officer's decision.

20. On August 28, 2019, the San Antonio Immigration Court received the NTA for Z.B.M.

21. An initial master calendar hearing was held on September 16, 2019. Z.B.M. appeared by VTC from the Karnes County Residential Center without counsel. The hearing was adjourned until October 16, 2019, for Z.B.M. to obtain counsel.

22. The removal proceedings remain pending.

N.G.R.L.

23. On August 27, 2019, the Houston Immigration Court in Texas received the NTA for N.G.R.L.

24. An initial master calendar hearing is scheduled for December 12, 2019.

25. The removal proceedings remain pending.

W.M.R.O.

26. On August 28, 2019, the Houston Immigration Court in Texas received the NTA for W.M.R.O.

27. An initial master calendar hearing is scheduled for December 4, 2019.

28. The removal proceedings remain pending.

C.C.R.O.

29. On August 29, 2019, the Houston Immigration Court in Texas received the NTA for C.C.R.O.

30. An initial master calendar hearing is scheduled for December 4, 2019.

31. The removal proceedings remain pending.

M.Y.R.B.

32. On August 30, 2019, the Boston Immigration Court in Massachusetts received the NTA for M.Y.R.B.

33. An initial master calendar hearing is scheduled for October 23, 2019.

34. The removal proceedings remain pending.

K.M.V.M.

35. On July 25, 2019, the Pearsall Immigration Court in Texas received a Notice of Referral for Credible Fear Review for K.M.V.M.

36. On August 2, 2019, the Pearsall Immigration Court conducted a credible fear review proceeding and vacated the asylum officer's decision.

37. On August 23, 2019, the New York City Immigration Court received the NTA for K.M.V.M.

38. An initial master calendar hearing was scheduled for October 9, 2019, but was advanced to October 1, 2019, due to an immigration judge reassignment.

39. The removal proceedings remain pending.

I.A.

40. The EOIR electronic database contains no record any immigration proceedings before EOIR for an alien with this name or alien number.

E.B.

41. The EOIR electronic database contains no record any immigration proceedings before EOIR for an alien with this name or alien number.

L.C.

42. On August 27, 2019, the Memphis Immigration Court in Tennessee received the

Notice NTA for L.C.

43. An initial master calendar hearing is scheduled on October 15, 2019.

44. The removal proceedings remain pending.

M.X.

45. On August 27, 2019, the Memphis Immigration Court in Tennessee received the NTA for M.X.

46. An initial master calendar hearing is scheduled on October 15, 2019.

47. The removal proceedings remain pending.

L.A.

48. On August 23, 2019, the Varick Immigration Court in New York received the NTA for L.A.

49. On September 4, 2019, L.A. appeared, with counsel, for an initial master calendar that was conducted via VTC. The attorney requested additional time to prepare and the hearing was adjourned to September 26, 2019.

50. On September 26, 2019, L.A. appeared, with counsel, for a master calendar hearing that was conducted via VTC. L.A. filed an application for asylum, withholding of removal, and withholding of removal under the Convention Against Torture ("I-589"). The attorney requested additional time for attorney preparation and to supplement the I-589 application. The Court sustained the charge of removability. The hearing was adjourned to October 31, 2019.

51. The removal proceedings remain pending.

A.L.G. and A.G.

52. On August 23, 2019, the San Francisco Immigration Court in California received the NTAs for A.L.G. and A.G. The Court joined their proceedings.

53. An initial master calendar hearing was scheduled on February 7, 2020. However, the hearing date was advanced to September 30, 2019.

54. The removal proceedings remain pending.

N.B.

55. On August 26, 2019, the Chicago Immigration Court in Illinois received the NTA for N.B.

56. An initial master calendar hearing was scheduled on September 19, 2019, but was postponed to July 23, 2020, due to an immigration judge reassignment.

57. The removal proceedings remain pending.

D.C.

58. On September 5, 2019, the Elizabeth Immigration Court in New Jersey received the Notice of Referral for Credible Fear Review for D.C.

59. On September 10, 2019, D.C. appeared, with counsel, for a credible fear hearing. The immigration judge vacated the decision of the asylum officer.

C.S.

60. On August 29, 2019, the Elizabeth Immigration Court in New Jersey received the Notice of Referral for Credible Fear Review for C.S.

61. On September 4, 2019, a credible fear hearing was conducted via VTC. An attorney was present with C.S. at the hearing. The immigration judge vacated the decision of the asylum officer.

62. On September 12, 2019, the Elizabeth Immigration Court in New Jersey received the NTA for C.S.

63. On September 23, 2019, C.S. appeared for an initial master calendar hearing. That hearing was adjourned to November 1, 2019 to allow C.S. time to seek representation.

64. The removal proceedings remain pending.

P.P. and A.C.

65. On August 23, 2019, the Pearsall Immigration Court in Texas received the Notices of Referral for Credible Fear Review for P.P. and A.C. The Court joined their proceedings.

66. On September 3, 2019, P.P. appeared via VTC from the South Texas Family Residential Center, with counsel, for a credible fear hearing that was conducted via VTC. The immigration judge affirmed the decision of the asylum officer.

Y.D.

67. On August 26, 2019, the Elizabeth Immigration Court in New Jersey received the Notices of Referral for Credible Fear Review for Y.D.

68. On August 30, 2019, Y.D. appeared for a credible fear hearing. The hearing was adjourned to September 4, 2019 to allow Y.D. time to prepare.

69. On September 4, 2019, Y.D. appeared, with counsel, for a credible fear hearing. The immigration judge affirmed the decision of the asylum officer.

Executed on the 27th day of September, 2019.

_____
Elizabeth Burgus
Paralegal Specialist, OGC
Executive Office for Immigration Review

# EXHIBIT 2

| Receipt Number | | Case Type |
|---|---|---|
| ▮▮▮▮▮▮▮▮▮ | | I589 - APPLICATION FOR ASYLUM AND FOR WITHHOLDING OF REMOVAL |
| **Received Date** 09/05/2019 | **Priority Date** | **Applicant** A▮▮▮▮▮▮ N▮▮▮▮▮▮ E▮▮▮▮▮▮ |
| **Notice Date** 09/26/2019 | **Page** 1 of 1 | |

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮
▮▮▮▮▮

**Please come to:**

16630 Imperial Valley Drive, Suite 200
Houston, TX  77060

**On (Date):** Thursday, October 17, 2019
**At (Time):** 07:30AM

### *** INTERVIEW RESCHEDULE NOTICE ***

You and your family members on your Form I-589 have been rescheduled at your request for interview as shown above. Failure without good cause to appear for interview or to provide a competent interpreter will result in immediate referral to an immigration judge and you will be ineligible for employment authorization. Your request for interview rescheduling is a delay requested by you and cannot be counted as part of the 150-day period before you can apply for employment authorization, 8 CFR 208.7. This 150-day period stopped at 20 days, on your first interview date of 10/16/2019, and will not resume until you appear for your rescheduled interview.

Please see the additional information on the back. You will be notified separately about any other cases you filed.

Houston Asylum Office
U. S. CITIZENSHIP & IMMIGRATION SVC
16630 Imperial Valley Drive, Suite 200
Houston TX 77060

**USCIS Contact Center:** www.uscis.gov/contactcenter

