UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAPITAL AREA IMMIGRANTS' RIGHTS COALITION, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>    Defendants. | Civil Action No. 1:19-cv-02117-TJK |
| I.A., *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>WILLIAM BARR, in his official capacity as Attorney General of the United States, *et al.*,<br><br>    Defendants. | Civil Action No. 1:19-cv-02530 |

**DEFENDANTS' CORRECTED CONSOLIDATED STATEMENT OF
UNSDIPUITED MATERIAL FACTS**

   This is a case seeking review of substantive agency action under the Administrative Procedure Act (APA). In such cases, summary judgment "serves as the mechanism for deciding, as a matter of law, whether agency action is . . . consistent with the APA standard of review." *Sierra Club v. Mainella*, 459 F.Supp.2d 76, 90 (D.D.C. 2006) (citing *Richards v. INS*, 554 F.2d 1173, 1177 & n. 28 (D.C. Cir. 1977)). Accordingly, when a party seeks review of agency action under the APA," the usual summary judgment standard does not apply and "the district judge"

instead "sits as an appellate tribunal." *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001). There is no factual "record" in such a case, other than the administrative record before the agency. *See, e.g.*, *IMS, P.C. v. Alvarez*, 129 F.3d 618, 623 (D.C. Cir. 1997) ("It is a widely accepted principle of administrative law that the courts base their review of an agency's actions on the materials that were before the agency at the time its decision was made."); *Gore v. D.C.*, 67 F. Supp. 3d 147, 151 (D.D.C. 2014) ("Contrary to Plaintiff's contention, parties are not required to submit a statement of undisputed materials facts in cases where 'judicial review is based solely on the administrative record.'"). Thus, Defendants submit this Statement of Undisputed Material Facts in support of their justiciability arguments in Defendants' Opposition to Plaintiffs' Motions for Preliminary Injunction, which the parties and this Court are treating as Motions for Summary Judgment. *See, e.g.*, *Chesapeake Climate Action Network v. Export-Import Bank of the U.S.*, 78 F. Supp. 3d 208, 217 (D.D.C. 2015) ("Although judicial review of agency action is typically confined to the administrative record, where there is not sufficient evidence of standing in the record because the question was not before the agency, plaintiffs may submit extra-record evidence to establish standing.").

1. Seventeen of the twenty-two individual Plaintiffs are in ongoing removal proceedings under 8 U.S.C. § 1229a. Those seventeen are Y.G.C., J.M.M., D.L.R., Z.B.M., N.G.RL., W.M.R.O., C.C.R.O., M.Y.R.B., K.M.V.M., L.C., M.X., L.A., A.L.G., A.G., N.B, D.C., and C.S.

2. Defendants' position is that the seventeen individual alien Plaintiffs who are in removal proceedings under section 1229a must raise their claims concerning the rule at issue in this case through their immigration proceedings, before seeking review in an Article III court. *See* 8 U.S.C. §§ 1252(a)(5) ("[A] petition for review filed with an appropriate court of

appeals in accordance with this section *shall be the sole and exclusive means* for judicial review of an order of removal ... .") (emphasis added); *id.* § 1252(b)(9) ("Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States ... shall be available only in judicial review of a final order under this section" and no district court "shall have jurisdiction ... to review such an order or such questions of law or fact.").

3. Y.G.C.: On August 16, 2019, the San Antonio Immigration Court received a Notice to Appear (NTA) for Y.G.C. Declaration of Elizabeth Burgus ¶ 3 (attached hereto as Exhibit (Ex.) 1); *see also* NTA and transmittal sheet (Ex. C attached to Defendants' Opposition to Motions for Preliminary Injunction (under seal)). An initial master calendar hearing was held on August 26. Burgus Decl. ¶ 4. The hearing was adjourned until September 23. *Id*. A subsequent hearing was held on September 23. *Id.* ¶ 5. The immigration judge found Y.G.C. to be removable as charged. *Id*. The hearing was adjourned until October 30 to allow time to file an application for relief from removal. *Id*. The removal proceedings remain pending. *Id.* ¶ 6.

4. J.M.M.: On August 21, the San Antonio Immigration Court received an NTA for J.M.M. Burgus Decl. ¶ 9. A master calendar hearing was held on September 19. *Id.* ¶ 10. The hearing was adjourned until October 16 to allow J.M.M. time to obtain counsel. *Id*. The removal proceedings remain pending. *Id.* ¶ 11.

5. D.L.R.: On August 15, the San Antonio Immigration Court received an NTA for D.L.R. Burgus Decl. ¶ 14; *see also* NTA and transmittal sheet (Ex. H attached to Defendants' Opposition to Motions for Preliminary Injunction (under seal)). An initial master calendar

hearing was held on August 27. *Id*. ¶ 15. The hearing was adjourned until September 23 to allow time for D.L.R. to obtain counsel. *Id*. A subsequent hearing was held on September 23. *Id*. ¶ 16. A subsequent hearing was held on September 23. *Id*. The immigration judge found D.L.R. to be removable as charged. *Id*. The hearing was adjourned until October 30 to allow time to file an application for relief from removal. *Id*. The removal proceedings remain pending. *Id*. ¶ 17.

6. <u>Z.B.M.</u>: On August 28, the San Antonio Immigration Court received an NTA for Z.B.M. Burgus Decl. ¶ 20; *see also* NTA and transmittal sheet (Ex. D attached to Defendants' Opposition to Motions for Preliminary Injunction (under seal)). An initial master calendar hearing was held on September 16. Burgus Decl. ¶ 21. The hearing was adjourned until October 16 to allow time for Z.B.M. to obtain counsel. *Id*. The removal proceedings remain pending. *Id*. ¶ 22.

7. <u>N.G.R.L.</u>: On August 27, the Houston Immigration Court received an NTA for N.G.R.L. Burgus Decl. ¶ 23; *see also* NTA (Ex. E attached to Defendants' Opposition to Motions for Preliminary Injunction (under seal)). An initial master calendar hearing is scheduled for December 12. Burgus Decl. ¶ 24. The removal proceedings remain pending. *Id*. 25.

8. <u>W.M.R.O.</u>: On August 28, the Houston Immigration Court received an NTA for W.M.R.O. Burgus Decl. ¶ 26; *see also* NTA (Ex. F attached to Defendants' Opposition to Motions for Preliminary Injunction (under seal)). An initial master calendar hearing is scheduled for December 4. Burgus Decl. ¶ 27. The removal proceedings remain pending. *Id*. ¶ 28.

9. <u>C.C.R.O.</u>: On August 29, the Houston Immigration Court received an NTA for C.C.R.O. Burgus Decl. ¶ 29; *see also* NTA (Ex. G attached to Defendants' Opposition to Motions

for Preliminary Injunction (under seal)). An initial master calendar hearing is scheduled for December 4. Burgus Decl. ¶ 30. The removal proceedings remain pending. *Id*. 31.

10. <u>M.Y.R.B.</u>: On August 30, the Boston Immigration Court received an NTA for M.Y.R.B. Burgus Decl. ¶ 32. An initial master calendar hearing is scheduled for October 23. *Id*. 33. The removal proceedings remain pending. *Id*. 34.

11. <u>K.M.V.M.</u>: On August 23, the New York City Immigration Court received an NTA for K.M.V.M. Burgus Decl. ¶ 37, *see also* NTA and ICE Notice to EOIR reflecting notice of release to New York City Immigration Court (Ex. I attached to Defendants' Opposition to Motions for Preliminary Injunction (under seal)). An initial master calendar hearing is scheduled for October 1. Burgus Decl. ¶ 38. The removal proceedings remain pending. *Id*. ¶ 39.

12. <u>L.C.</u>: On August 27, the Memphis Immigration Court received an NTA for L.C. Burgus Decl. ¶ 42, *see also* NTA (Ex. J attached to Defendants' Opposition to Motions for Preliminary Injunction (under seal)). An initial master calendar hearing is scheduled for October 15. Burgus Decl. ¶ 43. The removal proceedings remain pending. *Id*. ¶ 44.

13. <u>M.X.</u>: On August 27, the Memphis Immigration Court received an NTA for M.X. Burgus Decl. ¶ 45, *see also* NTA (Ex. L attached to Defendants' Opposition to Motions for Preliminary Injunction (under seal)). An initial master calendar hearing is scheduled for October 15. Burgus Decl. ¶ 46. The removal proceedings remain pending. *Id*. ¶ 47.

14. <u>L.A.</u>: On August 23, the Varick Immigration Court in New York received an NTA for L.A. Burgus Decl. ¶ 48, *see also* NTA (Ex. K attached to Defendants' Opposition to Motions for Preliminary Injunction (under seal)). An initial master calendar hearing was held on September 4. Burgus Decl. ¶ 49. Counsel requested additional time to prepare, and the

hearing was adjourned to September 26. *Id*. On September 26, another master calendar hearing was held, and L.A. filed an application for asylum, withholding of removal, and protection under the Convention Against Torture. *Id*. ¶ 50. L.A.'s attorney requested additional time to supplement the applications for relief. *Id*. The immigration court sustained the charge of removability and the hearing was adjourned until October 31. *Id*. The removal proceedings remain pending. *Id*. ¶ 51.

15. <u>A.L.G. and A.G.</u>: On August 23, the San Francisco Immigration Court received the NTAs for A.L.G. and A.G., and the immigration court joined their proceedings. Burgus declaration ¶ 52, *see also* NTAs (Exs. M and N attached to Defendants' Opposition to Motions for Preliminary Injunction (under seal)). An initial master calendar hearing is scheduled for September 30. Burgus Decl. ¶ 53. The removal proceedings remain pending. *Id*. ¶ 54.

16. <u>N.B.</u>: On August 26, the Chicago Immigration Court received an NTA for N.B. Burgus Decl. ¶ 55, *see also* NTA (Ex. O (incorrectly marked as Ex. N) attached to Defendants' Opposition to Motions for Preliminary Injunction (under seal)). N.B. is scheduled to appear for an affirmative asylum interview before USCIS on October 17. USCIS Interview Reschedule Notice (redacted copy attached hereto as Ex. 2). An initial master calendar hearing before the immigration court is scheduled for July 23, 2020. Burgus Decl. ¶ 56. The removal proceedings remain pending. *Id*. ¶ 57.

17. <u>D.C.</u>: On September 5, the Elizabeth Immigration Court received the Notice of Referral for Credible Fear Review for D.C. Burgus Decl. ¶ 58. On September 10, the immigration judge vacated the asylum officer's determination. *Id*. ¶ 59.

18. <u>C.S.</u>: On September 12, the Elizabeth Immigration Court received an NTA for C.S. Burgus Decl. ¶ 62. On September 23, C.S. appeared for an initial master calendar hearing. *Id*. The hearing was adjourned to allow time for C.S. to find an attorney. *Id*. The removal proceedings remain pending. *Id*. ¶ 63.

19. <u>I.A. and E.B.</u>: These individuals remain in criminal custody, and have therefore not been referred for a credible fear interview. *See* Exs. A and B attached to Defendants' Opposition to Motions for Preliminary Injunction (under seal); *see also* Burgus Decl. ¶¶ 40-41 (reflecting no EOIR records for I.A. or E.B.).

20. <u>P.P. and A.C.</u>: On August 23, the Pearsall Immigration Court received the Notices of Referral for Credible Fear Review for P.P. and A.C. Burgus Decl. ¶ 65. The immigration court joined their proceedings. *Id*. On September 3, P.P. and A.C. appeared for a credible hear review hearing. *Id*. ¶ 66. The immigration judge affirmed the decision of the asylum officer. *Id*. Therefore, they have final orders of expedited removal. *See* Exs. 1 and 2 attached to Defendants' Opposition to Plaintiffs' Motion for Emergency Stay (filed under seal).

21. <u>Y.D.</u>: On August 26, the Elizabeth Immigration Court received the Notice of Referral for Credible Fear Review for Y.D. Burgus Decl. ¶ 67. On September 4, Y.D. appeared with counsel for the credible fear review hearing. *Id*. ¶ 69. The immigration judge affirmed the decision of the asylum officer. *Id*. However, on September 27, 2019, USCIS reconsidered Y.D.'s case and determined that she had established a reasonable possibility of persecution. Accordingly, she was issued a Notice to Appear, is no longer subject to an order of expedited removal, and is now subject to removal proceedings under 8 U.S.C. § 1229a. *See* Notice of Correction and Mootness, Ex. A.

                                      Respectfully submitted,

                                      JOSEPH H. HUNT
Assistant Attorney General

SCOTT G. STEWART
Deputy Assistant Attorney General

WILLIAM C. PEACHEY
Director

*s/ Erez Reuveni*
EREZ REUVENI
Assistant Director
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 306-4293
Email: Erez.R.Reuveni@usdoj.gov

LAUREN C. BINGHAM
PATRICK GLEN
Senior Litigation Counsel

Dated: October 3, 2019                 *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 3, 2019, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

By: */s/ Erez Reuveni*
EREZ REUVENI