UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAPITAL AREA IMMIGRANTS' RIGHTS COALITION, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, <br><br> Defendants. | Civil Action No. 1:19-cv-02117-TJK |

**DEFENDANTS' REPLY TO PLAINTIFFS' STATEMENT OF UNSDIPUITED MATERIAL FACTS**

As Defendants explained in their statement of undisputed material facts, this is a case seeking review of substantive agency action under the Administrative Procedure Act (APA). *See* ECF No. 52 at 1. Under Rule 7(h)(2), in such cases, motions for summary judgment need not be accompanied by a separate "statement of material facts as to which the moving party contends there is no genuine issue." Local Rule 7(h)(1). Instead, "[i]n such cases, motions for summary judgment and oppositions thereto shall include a statement of facts with references to the administrative record." *Id.* at 7(h)(2). Defendants' operative briefs in this case include citations to the administrative record, *see* ECF Nos. 20 and 43, and filed a statement of facts in support of their justiciability arguments, ECF No. 52, and, accordingly, Defendants have discharged their obligations under Rule 7(h)(2).

Paragraphs 1-27 of the *CAIR* Plaintiffs' "Statement of Material Facts Not in Genuine Dispute" (ECF No. 53) nevertheless contains assertions of material fact, citing both the record in

1

this case, and extra-record materials. Such extra-record materials are not properly before the court. *See, e.g.*, *IMS, P.C. v. Alvarez*, 129 F.3d 618, 623 (D.C. Cir. 1997) ("It is a widely accepted principle of administrative law that the courts base their review of an agency's actions on the materials that were before the agency at the time its decision was made."). And with respect to Plaintiffs' citation to the administrative record, "parties are not required to submit a statement of undisputed materials facts in cases where judicial review is based solely on the administrative record." *Gore v. D.C.*, 67 F. Supp. 3d 147, 151 (D.D.C. 2014).

To the extent Plaintiffs' Statement of Material Facts makes representations about alleged facts contained in the administrative record or characterizations of the rule at issue in this case, the record and rule speak for themselves and, as such, Defendants need not provide any counter statement. For any other asserted facts in Plaintiffs' Statement relating to subjects outside the administrative record or otherwise consisting of argumentation or facts not related to the justiciability issues in this case, specifically paragraphs 1-27, Defendants dispute Plaintiffs' characterization of them as undisputed material facts and generally deny all such assertions by Plaintiffs.

Plaintiffs also make assertions concerning the individual circumstances of each named or organizational Plaintiff at paragraphs 28-110 of their statement. These assertions are irrelevant to resolution of a motion for summary judgment in a record case. *See, e.g., IMS, P.C.*, 129 F.3d at 623. Moreover, to the extent these assertions may have been relevant to resolving the irreparable harm or balance of equities portions of Plaintiffs' motion for preliminary injunction, the parties' agreement to treat the motions for preliminary injunction as motions for summary judgment "moots the Court's consideration of the preliminary injunctive factors because the court will enter

judgment on the merits." *Children's Hosp. Ass'n of Texas v. Azar*, 300 F. Supp. 3d 190, 202 (D.D.C. 2018), *rev'd on other grounds*, 933 F.3d 764 (D.C. Cir. 2019).

In addition, Plaintiffs make assertions at paragraphs 37-48 of their Statement concerning the stage of the immigration proceedings for each individual Plaintiff. To the extent those paragraphs assert that Plaintiffs are in ongoing removal proceedings, Defendants agree that this fact is undisputed. *See* ECF No. 52 at ¶¶ 4-11. Defendants otherwise dispute all factual allegations made in paragraphs 37-49.

Plaintiffs also make assertions concerning organizational Plaintiffs CAIR Coalition, RAICES, and Human Rights First at paragraphs 89-110. To the extent these allegations impact anything other than Article III standing, these assertions are irrelevant to resolution of a motion for summary judgment in a record case. *See, e.g.*, *IMS, P.C.*, 129 F.3d at 623; *Chesapeake Climate Action Network*, 78 F. Supp. 3d at 217. To the extent Plaintiffs' assertions at paragraphs 89-110 go to Article III standing, Defendants dispute those characterizations as undisputed material facts and generally deny all such assertions. And to the extent these assertions may have been relevant to resolving the irreparable harm or balance of equities portions of Plaintiffs' motion for preliminary injunction, the parties' agreement to treat the motions for preliminary injunction as motions for summary judgment "moots the Court's consideration of the preliminary injunctive factors because the court will enter judgment on the merits." *Children's Hosp.*, 300 F. Supp. 3d at 202.

//

//

                Respectfully submitted,

                JOSEPH H. HUNT
                Assistant Attorney General

                SCOTT G. STEWART
                Deputy Assistant Attorney General

                WILLIAM C. PEACHEY
                Director

                *s/ Erez Reuveni*
                EREZ REUVENI
                Assistant Director
                U.S. Department of Justice, Civil Division
                Office of Immigration Litigation
                P.O. Box 868, Ben Franklin Station
                Washington, DC 20044
                Tel: (202) 306-4293
                Email: Erez.R.Reuveni@usdoj.gov

                LAUREN C. BINGHAM
                PATRICK GLEN
                Senior Litigation Counsel

Dated: October 11, 2019              *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2019, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

                By: */s/ Erez Reuveni*
                     EREZ REUVENI