**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| CAPITAL AREA IMMIGRANTS' RIGHTS COALITION, *et al.*,<br><br>　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>　　　　　　　　　Defendants. | Civil Action No. 1:19-cv-02117-TJK |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' CONSOLIDATED STATEMENT OF
UNDISPUTED MATERIAL FACTS**

Pursuant to Federal Rule of Civil Procedure 56 and Local Civil Rule 7(h), Plaintiffs Capital Area Immigrants' Rights Coalition ("CAIR Coalition"), Refugee and Immigrant Center for Education and Legal Services, Inc. ("RAICES"), Human Rights First, Y.G.C., J.M.M., D.L.R., Z.B.M., N.G.R.L., W.M.R.O., C.C.R.O., M.Y.R.B., and K.M.V.M. (collectively, "Plaintiffs") submit the following response to Defendants' Corrected Consolidated Statement of Undisputed Material Facts, Dkt. 55 ("Defendants' SMF").[1]

As a threshold issue, Defendants have acknowledged that this Court may look to facts outside of the administrative record to determine issues of justiciability. *See* Defs.' SMF at 2. Plaintiffs agree. As Defendants point out, this Court has repeatedly held that "where there is not sufficient evidence of standing in the record because the question was not before the agency,

---

[1] Plaintiffs have not submitted paragraph-by-paragraph responses to ¶¶ 12-21 of Defendants' SMF, which pertain to immigration proceedings involving the Individual Plaintiffs in the related case captioned *I.A. v. Barr*, 1:19-cv-02530-TJK (D.D.C. 2019) (the "Related Case"). Plaintiffs in the instant case state that they are without sufficient information to confirm or dispute the statements in each of ¶¶ 12-21 of Defendants' SMF.

1

plaintiffs may submit extra-record evidence to establish standing." *Id.* (citing *Chesapeake Climate Action Network v. Export-Import Bank of the United States*, 78 F. Supp. 3d 208, 217 (D.D.C. 2015)). Likewise, in issuing the challenged Rule, Defendants had no reason to consider, and created no record regarding, whether these particular Plaintiffs have standing to challenge the policy or are subject to the jurisdiction-channeling provisions in 8 U.S.C. § 1252. Plaintiffs therefore "must 'set forth' by affidavit or other evidence 'specific facts' . . . which for purposes of the summary judgment motion will be taken as true" to establish that this Court has jurisdiction in this case. *Sierra Club v. EPA*, 292 F.3d 895, 899 (D.C. Cir. 2002) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (quoting Fed. R. Civ. P. 56(e))).

Additionally, the Court may disregard many of the facts in Defendants' SMF as immaterial. For the reasons stated in Plaintiffs' prior briefing, the dates and times of the individual Plaintiffs' master calendar hearings, on what basis they were adjourned, and whether the individual Plaintiffs are in "ongoing removal proceedings under 8 U.S.C. § 1229a" are irrelevant to deciding summary judgment. *See* Mem. of Points and Authorities in Support of Pls.' Mot. for Prelim. Inj. at 7-9, Dkt. 41-1; Reply in Support of Pls.' Mot. for Prelim. Inj. at 2-9, Dkt. 46.

| **Defendants' Statement of Facts** | **Plaintiffs' Response** |
|---|---|
| 1. Seventeen of the twenty-two individual Plaintiffs are in ongoing removal proceedings under 8 U.S.C. § 1229a. Those seventeen are Y.G.C., J.M.M., D.L.R., Z.B.M., N.G.R.L., W.M.R.O., C.C.R.O., M.Y.R.B., K.M.V.M., L.C., M.X., L.A., A.L.G., A.G., N.B, D.C., and | 1. Plaintiffs state that they are without sufficient information to confirm or dispute Defendants' statement that L.C., M.X., L.A., A.L.G., A.G., N.B, D.C., and C.S. are "in ongoing removal proceedings under 8 U.S.C. § 1229a." Plaintiffs state that whether Y.G.C., |

| | |
|---|---|
| C.S. | J.M.M., D.L.R., Z.B.M., N.G.R.L., W.M.R.O., C.C.R.O., M.Y.R.B., and K.M.V.M are "in ongoing removal proceedings under 8 U.S.C. § 1229a" is a legal conclusion, rather than a statement of material fact, and requires no response. To the extent that a response is deemed required, Plaintiffs state that Defendants have produced in this litigation copies of documents styled as Notices to Appear ("NTAs") for removal proceedings directed to Y.G.C., D.L.R., Z.B.M., N.G.R.L., W.M.R.O., C.C.R.O., and K.M.V.M. Plaintiffs dispute that all such purported NTAs were validly issued or served and state that the documents lack dates and times for hearings. Plaintiffs further state that Defendants have not produced copies of documents styled as NTAs directed to M.Y.R.B. or J.M.M. |
| 2. Defendants' position is that the seventeen individual alien Plaintiffs who are in removal proceedings under section 1229a must raise their claims concerning the rule at issue in this case through their immigration proceedings, | 2. Plaintiffs state that the entirety of ¶ 2 of Defendants' SMF is a legal conclusion, rather than a statement of material fact, and requires no response. Plaintiffs dispute, for the reasons set forth in their prior briefing, Defendants' |

3

| | |
|---|---|
| before seeking review in an Article III court. *See* 8 U.S.C. §§ 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals in accordance with this section *shall be the sole and exclusive means* for judicial review of an order of removal ... .") (emphasis added); *id.* § 1252(b)(9) ("Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States ... shall be available only in judicial review of a final order under this section" and no district court "shall have jurisdiction ... to review such an order or such questions of law or fact."). | understanding of the jurisdiction-channeling provisions contained in 8 U.S.C. § 1252 and specifically dispute that the Individual Plaintiffs "must raise their claims concerning the rule at issue in this case through their immigration proceedings, before seeking review in an Article III court." *See* Mem. of Points and Authorities in Support of Pls.' Mot. for Prelim. Inj. at 7-9, Dkt. 41-1; Reply in Support of Pls.' Mot. for Prelim. Inj. at 2-9, Dkt. 46. |
| 3. <u>Y.G.C.</u>: On August 16, 2019, the San Antonio Immigration Court received a Notice to Appear (NTA) for Y.G.C. Declaration of Elizabeth Burgus ¶ 3 (attached hereto as Exhibit (Ex.) 1); *see also* NTA and transmittal sheet (Ex. C attached to Defendants' Opposition to Motions for Preliminary | 3. Plaintiffs state that they are without sufficient information to confirm or dispute whether "[o]n August 16, 2019, the San Antonio Immigration Court received a Notice to Appear (NTA) for Y.G.C." Plaintiffs state that they are in receipt of a copy of a document styled as an NTA directed to Y.G.C. that was |

| | |
|---|---|
| Injunction (under seal)). An initial master calendar hearing was held on August 26. Burgus Decl. ¶ 4. The hearing was adjourned until September 23. *Id.* A subsequent hearing was held on September 23. *Id.* ¶ 5. The immigration judge found Y.G.C. to be removable as charged. *Id.* The hearing was adjourned until October 30 to allow time to file an application for relief from removal. *Id.* The removal proceedings remain pending. *Id.* ¶ 6. | filed in this litigation, and that the document speaks for itself and is the best evidence of its contents. Plaintiffs do not dispute that a master calendar hearing was held on September 23 and had been adjourned until October 30. Plaintiffs state that the information currently available on the Executive Office for Immigration Review Immigration Case Status Information Hotline ("EOIR Hotline") indicates that the adjourned hearing is now set for October 23, 2019. Plaintiffs further state that, although such facts are immaterial, they are without sufficient information to confirm or dispute whether a master calendar hearing was held on August 26, whether the immigration judge found Y.G.C. to be removable, and whether the September 23 hearing was adjourned to allow time to file an application for relief from removal. Plaintiffs further state that whether any "removal proceedings remain pending" is a legal conclusion, rather than a statement of material fact, and requires no response. |

| | |
|---|---|
| 4. <u>J.M.M.</u>: On August 21, the San Antonio Immigration Court received an NTA for J.M.M. Burgus Decl. ¶ 9. A master calendar hearing was held on September 19. *Id*. ¶ 10. The hearing was adjourned until October 16 to allow J.M.M. time to obtain counsel. *Id*. The removal proceedings remain pending. *Id*. ¶ 11. | 4.  Plaintiffs state that they are without sufficient information to confirm or dispute whether "[o]n August 21, the San Antonio Immigration Court received an NTA for J.M.M." Plaintiffs state that Defendants have not produced a copy of any document styled as an NTA directed to J.M.M. Plaintiffs do not dispute that an initial master calendar hearing was held on September 19 and had been adjourned until October 16. Plaintiffs state that the information currently available on the EOIR Hotline indicates that the adjourned hearing is now set for October 22, 2019. Plaintiffs further state that whether any "removal proceedings remain pending" is a legal conclusion, rather than a statement of material fact, and requires no response. |
| 5. <u>D.L.R.</u>: On August 15, the San Antonio Immigration Court received an NTA for D.L.R. Burgus Decl. ¶ 14; *see also* NTA and transmittal sheet (Ex. H attached to Defendants' Opposition to Motions for Preliminary Injunction (under seal)). An initial | 5.  Plaintiffs state that they are without sufficient information to confirm or dispute whether "[o]n August 15, the San Antonio Immigration Court received an NTA for D.L.R." Plaintiffs state that they are in receipt of a copy of a document styled as an NTA |

6

| | |
|---|---|
| master calendar hearing was held on August 27. *Id.* ¶ 15. The hearing was adjourned until September 23 to allow time for D.L.R. to obtain counsel. *Id.* A subsequent hearing was held on September 23. *Id.* ¶ 16. A subsequent hearing was held on September 23. *Id.* The immigration judge found D.L.R. to be removable as charged. *Id.* The hearing was adjourned until October 30 to allow time to file an application for relief from removal. *Id.* The removal proceedings remain pending. *Id.* ¶ 17. | directed to D.L.R. that was filed in this litigation, and that the document speaks for itself and is the best evidence of its contents. Plaintiffs do not dispute that a master calendar hearing was held on September 23 and had been adjourned until October 30. Plaintiffs state that the information currently available on the EOIR Hotline indicates that D.L.R. is not in the system (*i.e.*, no hearings are scheduled). Plaintiffs further state that, although such facts are immaterial, they are without sufficient information to confirm or dispute whether an initial master calendar hearing was held on August 27, that the immigration judge found D.L.R. to be removable, and that the September 23 hearing was adjourned to allow D.L.R. time to file an application for relief from removal. Plaintiffs further state that whether any "removal proceedings remain pending" is a legal conclusion, rather than a statement of material fact, and requires no response. |
| 6. <u>Z.B.M.</u>: On August 28, the San Antonio | 6. Plaintiffs state that they are without |

| | |
|---|---|
| Immigration Court received an NTA for Z.B.M. Burgus Decl. ¶ 20; *see also* NTA and transmittal sheet (Ex. D attached to Defendants' Opposition to Motions for Preliminary Injunction (under seal)). An initial master calendar hearing was held on September 16. Burgus Decl. ¶ 21. The hearing was adjourned until October 16 to allow time for Z.B.M. to obtain counsel. *Id.* The removal proceedings remain pending. *Id.* ¶ 22. | sufficient information to confirm or deny whether "[o]n August 28, the San Antonio Immigration Court received an NTA for Z.B.M." Plaintiffs state that they are in receipt of a copy of a document styled as an NTA directed to Z.B.M. that was filed in this litigation, and that the document speaks for itself and is the best evidence of its contents. Plaintiffs do not dispute that an initial master calendar hearing was held on September 16 and had been adjourned until October 16. Plaintiffs state that the information currently available on the EOIR Hotline indicates that Z.B.M. is not in the system (*i.e.*, no hearings are scheduled). Plaintiffs further state that whether any "removal proceedings remain pending" is a legal conclusion, rather than a statement of material fact, and requires no response. |
| 7. <u>N.G.R.L.</u>: On August 27, the Houston Immigration Court received an NTA for N.G.R.L. Burgus Decl. ¶ 23; *see also* NTA (Ex. E attached to Defendants' Opposition to | 7. Plaintiffs state that they are without sufficient information to confirm or dispute whether "[o]n August 27, the Houston Immigration Court received an NTA for |

| | |
|---|---|
| Motions for Preliminary Injunction (under seal)). An initial master calendar hearing is scheduled for December 12. Burgus Decl. ¶ 24. The removal proceedings remain pending. *Id.* 25. | N.G.R.L." Plaintiffs state that they are in receipt of a copy of a document styled as an NTA directed to N.G.R.L. that was filed in this litigation, and that the document speaks for itself and is the best evidence of its contents. Plaintiffs do not dispute that an initial master calendar hearing is scheduled for December 12. Plaintiffs further state that whether any "removal proceedings remain pending" is a legal conclusion, rather than a statement of material fact, and requires no response. |
| 8. <u>W.M.R.O.</u>: On August 28, the Houston Immigration Court received an NTA for W.M.R.O. Burgus Decl. ¶ 26; *see also* NTA (Ex. F attached to Defendants' Opposition to Motions for Preliminary Injunction (under seal)). An initial master calendar hearing is scheduled for December 4. Burgus Decl. ¶ 27. The removal proceedings remain pending. *Id.* ¶ 28. | 8. Plaintiffs state that they are without sufficient information to confirm or dispute whether "[o]n August 28, the Houston Immigration Court received an NTA for W.M.R.O." Plaintiffs state that they are in receipt of a copy of a document styled as an NTA directed to W.M.R.O. that was filed in this litigation, and that the document speaks for itself and is the best evidence of its contents. Plaintiffs do not dispute that an initial master calendar hearing is scheduled for December 4. Plaintiffs further state that whether any |

| | |
|---|---|
| | "removal proceedings remain pending" is a legal conclusion, rather than a statement of material fact, and requires no response. In addition, Plaintiffs state that on September 25, 2019, W.M.R.O., through counsel, filed an application for asylum and related relief with the Houston office of U.S. Citizenship and Immigration Services ("USCIS"). Decl. of Kaitlin Welborn ("Welborn Decl.") ¶ 4. On September 26, 2019, W.M.R.O., through counsel, sent that application to the USCIS Nebraska Service Center. *Id.* ¶ 5. |
| 9. <u>C.C.R.O.</u>: On August 29, the Houston Immigration Court received an NTA for C.C.R.O. Burgus Decl. ¶ 29; *see also* NTA (Ex. G attached to Defendants' Opposition to Motions for Preliminary Injunction (under seal)). An initial master calendar hearing is scheduled for December 4. Burgus Decl. ¶ 30. The removal proceedings remain pending. *Id.* 31. | 9. Plaintiffs state that they are without sufficient information to confirm or deny whether "[o]n August 29, the Houston Immigration Court received an NTA for C.C.R.O." Plaintiffs state that they are in receipt of a copy of a document styled as an NTA directed to C.C.R.O. that was filed in this litigation, and that the document speaks for itself and is the best evidence of its contents. Plaintiffs do not dispute that an initial master calendar hearing is scheduled for December 4. |

| | |
|---|---|
| | Plaintiffs further state that whether any "removal proceedings remain pending" is a legal conclusion, rather than a statement of material fact, and requires no response. In addition, Plaintiffs state that on September 25, 2019, C.C.R.O., through counsel, filed an application for asylum and related relief with the Houston office of USCIS. Welborn Decl. ¶ 4. On September 26, 2019, C.C.R.O., through counsel, sent that application to the USCIS Nebraska Service Center. *Id.* ¶ 5. |
| 10. <u>M.Y.R.B.</u>: On August 30, the Boston Immigration Court received an NTA for M.Y.R.B. Burgus Decl. ¶ 32. An initial master calendar hearing is scheduled for October 23. *Id.* 33. The removal proceedings remain pending. *Id.* 34. | 10. Plaintiffs state that they are without sufficient information to confirm or dispute whether "[o]n August 30, the Boston Immigration Court received an NTA for M.Y.R.B." Plaintiffs state that Defendants have not produced a copy of any document styled as an NTA directed to M.Y.R.B. Plaintiffs do not dispute that an initial master calendar hearing is scheduled for October 23. Plaintiffs further state that whether any "removal proceedings remain pending" is a legal conclusion, rather than a statement of |

| | |
|---|---|
| | material fact, and requires no response. |
| 11. <u>K.M.V.M.</u>: On August 23, the New York City Immigration Court received an NTA for K.M.V.M. Burgus Decl. ¶ 37, *see also* NTA and ICE Notice to EOIR reflecting notice of release to New York City Immigration Court (Ex. I attached to Defendants' Opposition to Motions for Preliminary Injunction (under seal)). An initial master calendar hearing is scheduled for October 1. Burgus Decl. ¶ 38. The removal proceedings remain pending. *Id.* ¶ 39. | 11. Plaintiffs dispute that "[o]n August 23, the New York City Immigration Court received an NTA for K.M.V.M." Plaintiffs state that they are in receipt of a copy of a document styled as an NTA directed to K.M.V.M. that was filed in this litigation, and that the document speaks for itself and is the best evidence of its contents. Plaintiffs do not dispute that an initial master calendar hearing was held on October 1, 2019 before the New York City Immigration Court. Decl. of Prajakta Sonalker ("Sonalker Decl.") ¶ 4. The immigration judge found that the above-referenced document styled as an NTA was defective because the issuance date was illegible and/or appeared to be dated incorrectly. *Id.* ¶ 5; *see also* Sealed Document in Response to Plaintiffs' Motion for Preliminary Injunction, Ex. I (K.M.V.M. NTA) at 1, Dkt. 47-8. Counsel for the Department of Homeland Security ("DHS") did not contest the Court's finding that the NTA was defective. Sonalker Decl. ¶ 6. Additionally, |

|  | counsel for DHS admitted that she had not filed a new or amended NTA with the New York City Immigration Court, and stated that she had only mailed a copy of an amended NTA to K.M.V.M. *Id.* ¶ 7. The immigration judge held that the issue of service was moot, because the Immigration Court lacked jurisdiction based on the defective document styled as an NTA. *Id.* ¶ 8. Plaintiffs further state that whether any "removal proceedings remain pending" is a legal conclusion, rather than a statement of material fact, and requires no response. |
|---|---|

Dated: October 11, 2019

Respectfully submitted,

**HOGAN LOVELLS US LLP**

/s/ Elizabeth Hagerty

| | |
|---|---|
| Manoj Govindaiah (D.D.C. Bar ID TX0145)<br>RAICES, INC.<br>802 Kentucky Ave.<br>San Antonio, TX 78201<br>Telephone: (210) 787-3745<br>Facsimile: (210) 787-3745<br>manoj.govindaiah@raicestexas.org<br><br>*Counsel for Plaintiff Refugee and Immigrant Center for Education and Legal Services, Inc.*<br><br>Adina Appelbaum (Bar No. 1026331)<br>CAPITAL AREA IMMIGRANTS'<br>RIGHTS COALITION<br>1612 K Street NW, Suite 204<br>Washington, DC 20006<br>Telephone: (202) 899-1412<br>Facsimile: (202) 331-3341<br>adina@caircoalition.com<br><br>*Counsel for Plaintiff Capital Area Immigrants' Rights Coalition*<br><br>Hardy Vieux (Bar No. 474762)<br>Patricia Stottlemyer (Bar No. 888252536)<br>HUMAN RIGHTS FIRST<br>805 15th Street, N.W., Suite 900<br>Washington, D.C. 20005<br>Telephone: (202) 547-5692<br>Facsimile: (202) 553-5999<br>vieuxh@humanrightsfirst.org<br>stottlemyerp@humanrightsfirst.org<br><br>*Counsel for Plaintiff Human Rights First* | Neal K. Katyal (Bar No. 462071)<br>T. Clark Weymouth (Bar No. 391833)<br>Craig A. Hoover (Bar No. 386918)<br>Justin W. Bernick (Bar No. 988245)<br>Mitchell P. Reich (Bar No. 1044671)<br>Elizabeth Hagerty (Bar No. 1022774)<br>Kaitlin Welborn (Bar No. 88187724)<br>Heather A. Briggs (Bar No. 241719)<br>Michael J. West (Bar No. 1616572)<br>555 Thirteenth Street NW<br>Washington, DC 20004<br>Telephone: (202) 637-5600<br>Facsimile: (202) 637-5910<br>neal.katyal@hoganlovells.com<br>t.weymouth@hoganlovells.com<br>craig.hoover@hoganlovells.com<br>justin.bernick@hoganlovells.com<br>mitchell.reich@hoganlovells.com<br>elizabeth.hagerty@hoganlovells.com<br>kaitlin.welborn@hoganlovells.com<br>heather.briggs@hoganlovells.com<br>michael.west@hoganlovells.com<br><br>Thomas P. Schmidt<br>Mohan Warusha Hennadige<br>390 Madison Avenue<br>New York, NY 10017<br>Facsimile: (212) 918-3100<br>thomas.schmidt@hoganlovells.com<br>mohan.warusha-hennadige@hoganlovells.com<br><br>*Counsel for Plaintiffs* |

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CAPITAL AREA IMMIGRANTS' RIGHTS COALITION, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, <br><br> Defendants. | Civil Action No. 1:19-cv-02117-TJK |

**DECLARATION OF KAITLIN WELBORN**

I, Kaitlin Welborn, declare under penalty of perjury as prescribed in 28 U.S.C. § 1746:

1.     The facts contained in this declaration are known personally to me and, if called as a witness, I could and would testify competently thereto under oath. I submit this sworn declaration in support of Plaintiffs' Response to Defendants' Consolidated Statement of Undisputed Material Facts, filed concurrently herewith.

2.     I am an attorney at Hogan Lovells US LLP in Washington, D.C.

3.     I am counsel in the above-captioned action for Plaintiffs Capital Area Immigrants' Rights Coalition ("CAIR Coalition"), Refugee and Immigrant Center for Education and Legal Services, Inc. ("RAICES"), Human Rights First, Y.G.C., J.M.M., D.L.R., Z.B.M., N.G.R.L., W.M.R.O., C.C.R.O., M.Y.R.B., and K.M.V.M.

4.     I also represent W.M.R.O. and C.C.R.O. in their immigration proceedings, including their applications for asylum and related relief.

5. On September 25, 2019, I filed via electronic mail W.M.R.O. and C.C.R.O.'s applications for asylum and related relief with the Houston office of U.S. Citizenship and Immigration Services ("USCIS").

6. On September 26, 2019, I mailed W.M.R.O. and C.C.R.O.'s applications to the USCIS Nebraska Service Center.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: October 11, 2019

Washington, D.C.

_____
Kaitlin Welborn

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAPITAL AREA IMMIGRANTS' RIGHTS COALITION, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, <br><br> Defendants. | Civil Action No. 1:19-cv-02117-TJK |

## DECLARATION OF PRAJAKTA A. SONALKER

I, Prajakta A. Sonalker, declare under penalty of perjury as prescribed in 28 U.S.C. § 1746:

1. The facts contained in this declaration are known personally to me and, if called as a witness, I could and would testify competently thereto under oath. I submit this sworn declaration in support of Plaintiffs' Response to Defendants' Consolidated Statement of Undisputed Material Facts, filed concurrently herewith.

2. I am an attorney at Hogan Lovells US LLP in New York, New York.

3. I am counsel for K.M.V.M. in her immigration proceedings, including her application for asylum and related relief.

4. On October 1, 2019, I attended K.M.V.M.'s master calendar hearing at the New York City Immigration Court.

5. The immigration judge found that the document styled as a Notice to Appear ("NTA") for K.M.V.M. was defective because the issuance date was illegible and/or appeared to be dated "August 6, 2010," which was incorrect.

6. Counsel for the Department of Homeland Security ("DHS") did not contest the Court's finding that the NTA was defective.

7. Additionally, counsel for DHS admitted that she had not filed a new or an amended NTA with the New York City Immigration Court, and stated that she had only mailed a copy of an amended NTA to K.M.V.M.

8. The immigration judge held that the issue of service of the NTA was moot, because the Immigration Court lacked jurisdiction based on the defective document styled as an NTA.

9. The immigration judge granted DHS's motion to adjourn in order for the agency to file a new and/or amended NTA.

10. Proceedings were adjourned until December 5, 2019.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: October 11, 2019

New York, New York

Prajakta A. Sonalker
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
Phone: (212) 918-3000
Facsimile: (212) 918-3100
prajakta.sonalker@hoganlovells.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAPITAL AREA IMMIGRANTS' RIGHTS COALITION, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, <br><br> Defendants. | Civil Action No. 1:19-cv-02117-TJK |

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2019, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

October 11, 2019

Respectfully submitted,

**HOGAN LOVELLS US LLP**

/s/ Elizabeth Hagerty
Elizabeth Hagerty
555 Thirteenth Street NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
elizabeth.hagerty@hoganlovells.com