# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAPITAL AREA IMMIGRANTS' RIGHTS COALITION, *et al.*,<br><br>              Plaintiffs,<br><br>  v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>              Defendants. | Civil Action No. 1:19-cv-02117-TJK |

## PLAINTIFFS' SUPPLEMENTAL BRIEF
## IN SUPPORT OF SUMMARY JUDGMENT

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION .....................................................................................................................1

ARGUMENT..............................................................................................................................1

    I.    Summary Judgment Is Appropriate On The Administrative Procedure Act Claims ..............................................................................................................................1

        A.    The Court May, If Necessary, Consider Extra-Record Materials To Determine Whether Defendants Considered All Relevant Information In Promulgating The Challenged Rule .................................1

        B.    Defendants Overstate The Deference They Are Owed On The APA Claims ...........................................................................................................2

    II.    The Court Should Vacate The Rule In Its Entirety...............................................5

CONCLUSION..........................................................................................................................9

# **TABLE OF AUTHORITIES**

Page(s)

**CASES:**

*A.L. Pharma, Inc. v. Shalala*,
 62 F.3d 1484 (D.C. Cir. 1995) .................................................................................................8

*Advocates for Highway & Auto Safety v. Fed. Motor Carrier Safety Admin.*,
 429 F.3d 1136 (D.C. Cir. 2005) ...............................................................................................5

*Am. Bar Ass'n v. U.S. Dep't of Educ.*,
 370 F. Supp. 3d 1 (D.D.C. 2019) .............................................................................................5

*Am. Wildlands v. Kempthorne*,
 530 F.3d 991 (D.C. Cir. 2008) .................................................................................................2

*Bauer v. DeVos*,
 332 F. Supp. 3d 181 (D.D.C. 2018) .........................................................................................8

*Dist. Hosp. Partners, L.P. v. Burwell*,
 786 F.3d 46 (D.C. Cir. 2015) ...................................................................................................2

*Earthlink, Inc. v. FCC*,
 462 F.3d 1 (D.C. Cir. 2006) .....................................................................................................4

*East Bay Sanctuary Covenant v. Trump*,
 909 F.3d 1219 (9th Cir. 2018) .........................................................................................4, 8, 9

*Harmon v. Thornburgh*,
 878 F.2d 484 (D.C. Cir. 1989) .............................................................................................1, 5

*Humana of S.C., Inc. v. Califano*,
 590 F.2d 1070 (D.C. Cir. 1978) ...............................................................................................3

*In re Core Commc'ns, Inc.*,
 455 F.3d 267 (D.C. Cir. 2006) .................................................................................................4

*INS v. Nat'l Ctr. for Immigrants' Rights, Inc.*,
 502 U.S. 183 (1991) .................................................................................................................6

*Jean v. Nelson*,
 711 F.2d 1455 (11th Cir. 1983) ...............................................................................................4

*Jennings v. Rodriguez*,
 138 S. Ct. 830 (2018) ...............................................................................................................7

## TABLE OF AUTHORITIES—Continued

Page(s)

*Mack Trucks, Inc. v. EPA*,
　682 F.3d 87 (D.C. Cir. 2012) ......................................................................................8

*Monsanto Co. v. Geertson Seed Farms*,
　561 U.S. 139 (2010) ...................................................................................................9

*Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Automobile Ins. Co.*,
　463 U.S. 29 (1983) .....................................................................................................4

*NAACP v. Trump*,
　298 F. Supp. 3d 209 (D.D.C. 2018) ...........................................................................8

*Nat'l Mining Ass'n v. U.S. Army Corps of Eng'rs*,
　145 F.3d 1399 (D.C. Cir. 1998) .............................................................................5, 6

*NRDC v. EPA*,
　301 F. Supp. 3d 133 (D.D.C. 2018) ...........................................................................8

*O.A. v. Trump*,
　No. 18-2718 (RDM), 2019 WL 3536334 (D.D.C. Aug. 2, 2019) .................5, 6, 7, 9

*Pub. Emps. for Envt'l Responsibility v. U.S. Fish & Wildlife Serv.*,
　189 F. Supp. 3d 1 (D.D.C. 2016) ...............................................................................7

*Radio-Television News Dirs. Ass'n v. FCC*,
　184 F.3d 872 (D.C. Cir. 1999) ...................................................................................8

*Sentara-Hampton Gen. Hosp. v. Sullivan*,
　980 F.2d 749 (D.C. Cir. 1992) ...................................................................................3

*Sorenson Commc'ns Inc. v. FCC*,
　755 F.3d 702 (D.C. Cir. 2014) ...............................................................................1, 3

*Stewart v. Smith*,
　673 F.2d 485 (D.C. Cir. 1982) ...................................................................................3

*Sullivan v. Zebley*,
　493 U.S. 521 (1990) ...................................................................................................5

*Tennessee Gas Pipeline Co. v. FERC*,
　969 F.2d 1141 (D.C. Cir. 1992) .............................................................................1, 3

*Trump v. Hawaii*,
　138 S. Ct. 2392 (2018) ...............................................................................................6

# TABLE OF AUTHORITIES—Continued

**Page(s)**

*Yassini v. Crosland*,
  618 F.2d 1356 (9th Cir. 1980) ...................................................................................4

**STATUTES:**

5 U.S.C. § 553(a) ..............................................................................................................3

5 U.S.C. § 553(a)(1) ..........................................................................................................4

5 U.S.C. § 702 ...................................................................................................................7

5 U.S.C. § 706 ...................................................................................................................5

8 U.S.C. § 1158 .............................................................................................................7, 8

8 U.S.C. § 1252(e) .............................................................................................................6

8 U.S.C. § 1252(e)(1) ........................................................................................................6

8 U.S.C. § 1252(e)(3) .....................................................................................................6, 7

8 U.S.C. § 1252(e)(3)(A)(ii) ..............................................................................................7

8 U.S.C. § 1252(f) .............................................................................................................7

**OTHER AUTHORITY:**

*Set Aside*, Black's Law Dictionary (10th ed. 2014) .........................................................5

# INTRODUCTION

Defendants' supplemental brief misstates both the applicable standards of review and the scope of this Court's authority to award relief. The D.C. Circuit has repeatedly emphasized that courts must conduct a "meticulous and demanding inquiry" to ascertain whether a rule satisfies one of the "reluctantly countenance[d]" and "narrowly construe[d]" exceptions to notice and comment. *Sorenson Commc'ns Inc. v. FCC*, 755 F.3d 702, 706 (D.C. Cir. 2014) (citations omitted). Defendants' efforts to water down that standard are misconceived, and ignore—yet again—the D.C. Circuit's closely on-point decision in *Tennessee Gas Pipeline Co. v. FERC*, 969 F.2d 1141 (D.C. Cir. 1992). Defendants also offer an overly cramped interpretation of the standard for arbitrary and capricious review, and of the circumstances in which this Court may consider facts outside the administrative record.

As for the scope of relief, Defendants' extensive discussion of the merits of a nationwide injunction is not only misguided but also beside the point. It is longstanding D.C. Circuit law that, where a court finds a rule unlawful, the result is that the rule is "vacated—not that [its] application to the individual petitioners is proscribed." *Harmon v. Thornburgh*, 878 F.2d 484, 495 n.21 (D.C. Cir. 1989). Defendants identify no basis for departing from that settled practice here. And Defendants fail to show that they merit the extraordinary remedy of a stay.

# ARGUMENT

**I.    Summary Judgment Is Appropriate On The Administrative Procedure Act Claims.**

    **A.    The Court May, If Necessary, Consider Extra-Record Materials To Determine Whether Defendants Considered All Relevant Information In Promulgating The Challenged Rule.**

Defendants acknowledge that the Court may look to materials outside the administrative record in order to determine whether Plaintiffs have standing and satisfy other justiciability

requirements.  Defs.' Supp. Br. at 3, Dkt. 58.  Defendants argue, however, that this Court is confined to the administrative record when evaluating the legality of the Rule under the Administrative Procedure Act ("APA").  *Id*. at 2-3.  The Court need not reach that issue because, for the reasons already given, the Rule is unlawful when judged against the administrative record alone.  *See* Mem. of Points and Authorities in Support of Pls.' Mot. for Prelim. Inj. ("Mem.") at 9-20, 24-30, Dkt. 41-1; Reply in Support of Pls.' Mot. for Prelim. Inj. ("Reply") at 10-13, 16-20, Dkt. 46.  But Defendants' description of the law is inaccurate.

The D.C. Circuit has held that a party may rely on, and a court may review, extra-record materials if "the district court need[s] to supplement the record with background information in order to determine whether the agency considered all of the relevant factors."  *Dist. Hosp. Partners, L.P. v. Burwell*, 786 F.3d 46, 55 (D.C. Cir. 2015) (quoting *Am. Wildlands v. Kempthorne*, 530 F.3d 991, 1002 (D.C. Cir. 2008)).  Here, Plaintiffs have argued that Defendants failed to consider "all of the relevant factors":  Among other reasons, the Rule gives "no explanation" of how Mexico will absorb a massive uptick in asylum applications, and barely discusses at all the adequacy of Guatemala's asylum system.  Mem. 29-30 (citation and emphasis omitted).  Those glaring gaps are evident on the face of the Rule, and so the Court can begin and end its analysis there.  But if the Court has any doubt on those questions, it is perfectly appropriate for it to consider the "background information" provided by Plaintiffs to confirm that the Rule's analysis is woefully incomplete.

**B.     Defendants Overstate The Deference They Are Owed On The APA Claims.**

Defendants also mischaracterize the standard of review that this Court should apply in reviewing Plaintiffs' APA claims.  Defendants assert that in evaluating their invocation of the good cause exception, the Court must "defer[ ] to an agency's factual findings and expert

2

judgments therefrom, unless such findings and judgments are arbitrary and capricious." Defs.' Supp. Br. at 4 (quoting *Sorenson Commc'ns Inc.*, 755 F.3d at 706). That is true as far as it goes. But that general statement elides the searching inquiry the D.C. Circuit has mandated where—as here—the agency's good-cause claim rests on the "prediction" that following notice and comment would lead to "a rush to avoid the mandates of a final rule." *Tenn. Gas Pipeline Co.*, 969 F.2d at 1144-45. The D.C. Circuit has explained that if an agency forgoes notice and comment based on "the regulator's prediction of the regulateds' reaction to a proposed rulemaking," the agency must "at minimum . . . indicate the basis for its prediction," so that the court can "satisfy itself that . . . a reasonable person could have made the judgment the agency did." *Id.* at 1145 (citation omitted). Furthermore, that prediction must be based on more than "a single violation," or the agency's appeal to its "ample practical experience"; rather, the agency must be able to "cite . . . examples" providing a "factual basis" for its prediction. *Id*. Defendants have pointed to nothing of the kind here. Mem. 11-17.

Defendants also claim that an especially deferential standard applies when the government invokes the foreign affairs exception. Defs.' Supp. Br. at 4-5. To the contrary, the D.C. Circuit has held that "*all* exceptions to the notice and comment requirement . . . [are] to be narrowly construed and only 'reluctantly countenanced.'" *Sentara-Hampton Gen. Hosp. v. Sullivan*, 980 F.2d 749, 759 (D.C. Cir. 1992) (citation omitted). And it has specifically held that the exceptions contained in 5 U.S.C. § 553(a)—which includes the foreign affairs exception— must be "'clearly and directly' implicated" before an agency may rely on them to forgo notice and comment. *Humana of S.C., Inc. v. Califano*, 590 F.2d 1070, 1082 (D.C. Cir. 1978); *see Stewart v. Smith*, 673 F.2d 485, 496-497 (D.C. Cir. 1982).

3

It is especially critical that the Court hold the government to that standard here, given that a rule governing asylum eligibility does not itself "involve[ ] [a] foreign affairs function," such as international diplomacy. 5 U.S.C. § 553(a)(1). At best, the Rule "*implicate*[*s*] foreign affairs." *Yassini v. Crosland*, 618 F.2d 1356, 1360 n.4 (9th Cir. 1980) (emphasis added). Defendants cannot be relieved of their burden of pointing to support in "the record" that substantiates its claim that delaying issuance would "provoke definitely undesirable international consequences." *East Bay Sanctuary Covenant v. Trump*, 909 F.3d 1219, 1252-53 (9th Cir. 2018) (quoting *Yassini*, 618 F.2d at 1360 n.4); *see Jean v. Nelson*, 711 F.2d 1455, 1478 (11th Cir. 1983) (requiring "evidence of undesirable international consequences").

As for the arbitrary and capricious claim, Defendants simply repeat—nearly verbatim—their earlier, erroneous characterization of the standard of review. *Compare* Defs.' Supp. Br. at 3-4, *with* Consolidated Opp. to Pls.' Mots. for Prelim. Inj. at 44-45, Dkt. 43. Defendants continue to omit the key caveat from *Earthlink, Inc. v. FCC*, 462 F.3d 1 (D.C. Cir. 2006): agency actions merit deference only "as long as they are reasonable." *Id.* at 12 (quoting *In re Core Commc'ns, Inc.*, 455 F.3d 267, 282 (D.C. Cir. 2006); *see* Reply at 17. Defendants also continue to cite nothing that undermines the bedrock principle that a rule is unlawful if the agency "entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Automobile Ins. Co.*, 463 U.S. 29, 43 (1983).

**II.      The Court Should Vacate The Rule In Its Entirety.**

If this Court finds—as it should—that the Rule is unlawful and enters final judgment accordingly, it should also award the traditional remedy dictated by the APA: vacatur of the Rule in its entirety.

1. To begin, that is the remedy plainly required by Circuit precedent. Where a rule is found unlawful under the APA, the proper remedy is that the Rule is "vacated—not that [its] application to the individual petitioners is proscribed." *Harmon*, 878 F.2d at 495 n.21. Defendants resist that remedy on the ground that "the APA does not affirmatively authorize nationwide relief in the form of universal vacatur of the rule." Defs.' Supp. Br. at 8. That is a crabbed and inaccurate reading of the APA's text. When an agency action is unlawful under the APA, "the APA mandates that the Court 'shall' 'set aside' the challenged 'agency action.'" *O.A. v. Trump*, No. 18-2718 (RDM), 2019 WL 3536334, at *28 (D.D.C. Aug. 2, 2019) (quoting 5 U.S.C. § 706). That language is about as clear as it gets: "[U]nder the plain language of the APA, the Court must 'annul or vacate' the agency's action." *Id.* (quoting *Set Aside*, Black's Law Dictionary (10th ed. 2014)).

Defendants' "vacatur-only-as-to-the-parties" proposal is not just contrary to the APA's text; as noted above, it flies in the face of longstanding precedent. *See Harmon*, 878 F.2d at 495 n.21; *Nat'l Mining Ass'n v. U.S. Army Corps of Eng'rs*, 145 F.3d 1399, 1409 (D.C. Cir. 1998); *Advocates for Highway & Auto Safety v. Fed. Motor Carrier Safety Admin.*, 429 F.3d 1136, 1151 (D.C. Cir. 2005) ("[U]nsupported agency action normally warrants vacatur."); *see also, e.g.*, *Sullivan v. Zebley*, 493 U.S. 521, 537 n.18 (1990); *Am. Bar Ass'n v. U.S. Dep't of Educ.*, 370 F. Supp. 3d 1, 40 (D.D.C. 2019) (vacating rule in its entirety); *O.A.*, 2019 WL 3536334, at *29-30

(vacating similar asylum rule in entirety).[1]  That precedent is so consistent and longstanding for a reason.  A regulation that is "without statutory authority" is "facially invalid." *INS v. Nat'l Ctr. for Immigrants' Rights, Inc.*, 502 U.S. 183, 188 (1991).  It is "difficult to comprehend" how a facially invalid rule could *only* be facially invalid as to certain parties.  *O.A.*, 2019 WL 3536334, at *29.  Indeed, that would be a contradiction in terms.  There is a narrow exception to this general rule holding that "if a generally lawful policy is applied in an illegal manner on a particular occasion, one who is injured is not thereby entitled to challenge other applications of the rule."  *Nat'l Mining Ass'n*, 145 F.3d at 1409 (citation omitted).  But even Defendants do not invoke that exception, and for good reason:  The Rule is unlawful on its face and in all applications.

Defendants attempt to evade this precedent by pointing to the limits on relief imposed by 8 U.S.C. § 1252(e).  Defs.' Supp. Br. at 9-12 & n.1.  That provision, however, has no application to this case.  Section 1252(e) limits the remedies available to Plaintiffs who are challenging the "implementation" of the expedited removal process or "determinations under" that process.  *See* 8 U.S.C. § 1252(e)(1), (3).  Plaintiffs are not challenging any aspect of the expedited removal process.  On the contrary, all six Plaintiffs who were placed in expedited-removal proceedings received a *favorable* determination in that process, and the three remaining Plaintiffs were not placed in expedited removal proceedings at all.  *See* Statement of Undisputed Material Facts in Support of Pls.' Mot. for Summ. J. ¶¶ 33, 41, 49, 57, 66, 74, 80-82, 86-88, Dkt. 53.  Rather,

---

[1] This line of precedent suffices to rebut Defendants' extravagant claim that Article III *prohibits* vacatur, a form of relief that has been commonly issued.  Furthermore, contrary to Defendants' suggestion (at 8), Justice Thomas did not question courts' authority to award vacatur relief in *Trump v. Hawaii*, 138 S. Ct. 2392, 2425 (2018) (Thomas, J., concurring).  That case involved a preliminary injunction, not an order of vacatur, in a suit challenging a presidential proclamation, not an agency rule subject to APA review.

Plaintiffs are challenging an asylum eligibility rule that applies (and will only be applied to them) outside of expedited removal proceedings.

In any event, even where it applies, Section 1252(e)(3) specifically authorizes courts to hold that "a regulation . . . is . . . in violation of law." 8 U.S.C. § 1252(e)(3)(A)(ii). As Defendants appear to acknowledge, it is difficult to read this language as "expressly or impliedly forbid[ding]" the traditional remedy of vacatur. 5 U.S.C. § 702; *see* Defs.' Supp. Br. at 9.

Defendants' reliance on 8 U.S.C. § 1252(f) is equally misplaced. *See* Defs.' Supp. Br. at 10-11. That provision prevents a court from "enjoin[ing] or restrain[ing] the operation of the provisions of part IV of this subchapter," which consists of 8 U.S.C. §§ 1221-1232. Plaintiffs are challenging an asylum rule issued under 8 U.S.C. § 1158, not any part of Sections 1221-1232. *See O.A.*, 2019 WL 3536334, at *33. And Plaintiffs "d[o] not seek to enjoin the operation of the . . . statute, but to enjoin conduct . . . *not* authorized by the statute[]." *Id.* at *34 (emphasis added) (quoting *Jennings v. Rodriguez*, 138 S. Ct. 830, 851 (2018)). Further, Defendants' argument (at 11) that Plaintiffs seek to "re-write [Section] 1229a" (which governs removal proceedings generally) is without merit. Plaintiffs do not challenge any of the "standards for relief from removal" set forth in that provision. *Id.* They argue that the substantive limit on asylum eligibility imposed by the challenged Rule is in violation of the asylum laws and the APA.

2. This Court should not stay its vacatur of the Rule. Courts have generally found a stay of vacatur warranted only where the parties agree to such a stay, *see Pub. Emps. for Envt'l Responsibility v. U.S. Fish & Wildlife Serv.*, 189 F. Supp. 3d 1, 5 n.1 (D.D.C. 2016) (explaining that stay without vacatur is "generally an interim measure used by courts where the plaintiffs agree that staying vacatur is appropriate"), or where the criteria for remand without vacatur are

satisfied and "a prolonged agency remand threatens to deprive one or more parties of significant rights," *Bauer v. DeVos*, 332 F. Supp. 3d 181, 185 (D.D.C. 2018); *see, e.g.*, *A.L. Pharma, Inc. v. Shalala*, 62 F.3d 1484, 1492 (D.C. Cir. 1995); *NAACP v. Trump*, 298 F. Supp. 3d 209, 245-246 (D.D.C. 2018); *NRDC v. EPA*, 301 F. Supp. 3d 133, 145 (D.D.C. 2018).  To warrant a remand without vacatur, an agency in turn must establish that " 'there is at least a serious possibility that [it] will be able to substantiate its decision' given an opportunity to do so," and that "vacating would be disruptive."  *Bauer*, 332 F. Supp. 3d at 184 (quoting *Radio-Television News Dirs. Ass'n v. FCC*, 184 F.3d 872, 888 (D.C. Cir. 1999)).

Here, that demanding standard is not satisfied.  The D.C. Circuit has explained that, where an agency fails to comply with the APA's notice-and-comment requirements, the rule "*must* be vacated"; otherwise, "agencies would have no use for the APA when promulgating any interim rules," since they could always cure their errors by undergoing notice and comment on remand.  *Mack Trucks, Inc. v. EPA*, 682 F.3d 87, 95 (D.C. Cir. 2012) (emphasis added).  A finding that Defendants lack authority to issue the Rule under 8 U.S.C. § 1158 would also doom any subsequent effort to reenact it.  And Defendants have not shown that they could address the severe flaws of logic and evidence that render the Rule arbitrary and capricious.  *See* Mem. at 24-30; Reply at 16-20.  In addition, the equities run strongly against Defendants, given that eligible asylum-seekers would be irreparably harmed during the period of any stay, and the government would suffer no comparable or immediate harm.  *See* Mem. at 30-37; Reply at 20-23.

Rather than attempting to show that they satisfy the stay-of-vacatur standard, Defendants simply cite the Supreme Court's stay order in the *East Bay* litigation, calling that case "virtually indistinguishable."  Defs.' Supp. Br. at 13.  Far from it.  This case has two crucial differences:

8

First, the posture of this case will soon be a *final judgment*, whereas *East Bay* involved a nationwide preliminary injunction. Whatever debates there may be about the propriety of nationwide preliminary injunctions, at this juncture in this case, as explained above, vacatur of the Rule is both appropriate and routine. Second, this case includes individual plaintiffs proceeding in the District Court for the District of Columbia in addition to organizations, and thus presents different questions around standing, jurisdiction, and irreparable harm. Given these substantial differences, the stay in the *East Bay* case is not controlling.

      3. Because vacatur should afford Plaintiffs complete relief, there is no need for the Court to consider the appropriateness of a nationwide injunction. *Cf.* Defs.' Supp. Br. at 5-7. That said, a nationwide injunction may become necessary if there is reason to believe that Defendants will not acquiesce in this Court's order. *Cf. O.A.*, 2019 WL 3536334, at *29. In such a case, a nationwide injunction would "have [a] meaningful practical effect," *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010), because it would ensure that Defendants abide by this Court's decision. And, in that circumstance, an injunction binding Defendants nationwide would be both appropriate and necessary in order to afford complete relief, for the reasons explained in Plaintiffs' prior briefs and in the I.A. Plaintiffs' Supplemental Brief.[2] *See* Mem. at 37-41; Reply at 23-25; Supp. Br. in Support of Summ. J. of I.A. *et al.* at II.B.

## CONCLUSION

      For the foregoing reasons, and those in Plaintiffs' prior briefs, the Court should grant summary judgment and vacate the Rule.

---

[2] Pursuant to the Court's scheduling order, Plaintiffs in the related case of *I.A., et al. v. Barr, et al.* are filing a separate Supplemental Brief in Support of Summary Judgment concurrently with the instant brief. For the Court's convenience, Plaintiffs have endeavored not to re-brief arguments substantially addressed in the I.A. Plaintiffs' Supplemental Brief, which Plaintiffs join in full.

| | |
|---|---|
| Dated: October 23, 2019 | Respectfully submitted, |
| | **HOGAN LOVELLS US LLP** |
| | /s/ Justin W. Bernick |
| Manoj Govindaiah | Neal K. Katyal (Bar No. 462071) |
| RAICES, INC. | T. Clark Weymouth (Bar No. 391833) |
| 802 Kentucky Ave. | Craig A. Hoover (Bar No. 386918) |
| San Antonio, TX 78212 | Justin W. Bernick (Bar No. 988245) |
| Telephone: (210) 222-0964 | Mitchell P. Reich (Bar No. 1044671) |
| Facsimile: (210) 212-4856 | Elizabeth Hagerty (Bar No. 1022774) |
| manoj.govindaiah@raicestexas.org | Kaitlin Welborn (Bar No. 88187724) |
| | Heather A. Briggs (Bar No. 241719) |
| *Counsel for Plaintiff Refugee and Immigrant Center for Education and Legal Services, Inc.* | Michael J. West (Bar No. 1616572) |
| | 555 Thirteenth Street NW |
| | Washington, DC 20004 |
| Adina Appelbaum (Bar No. 1026331) | Telephone: (202) 637-5600 |
| CAPITAL AREA IMMIGRANTS' | Facsimile: (202) 637-5910 |
| RIGHTS COALITION | neal.katyal@hoganlovells.com |
| 1612 K Street NW, Suite 204 | t.weymouth@hoganlovells.com |
| Washington, DC 20006 | craig.hoover@hoganlovells.com |
| Telephone: (202) 899-1412 | justin.bernick@hoganlovells.com |
| Facsimile: (202) 331-3341 | mitchell.reich@hoganlovells.com |
| adina@caircoalition.com | elizabeth.hagerty@hoganlovells.com |
| | kaitlin.welborn@hoganlovells.com |
| | heather.briggs@hoganlovells.com |
| *Counsel for Plaintiff Capital Area Immigrants' Rights Coalition* | michael.west@hoganlovells.com |
| Hardy Vieux (Bar No. 474762) | Thomas P. Schmidt |
| Patricia Stottlemyer (Bar No. 888252536) | Mohan Warusha Hennadige |
| HUMAN RIGHTS FIRST | 390 Madison Avenue |
| 805 15th Street, N.W., Suite 900 | New York, NY 10017 |
| Washington, D.C. 20005 | Facsimile: (212) 918-3100 |
| Telephone: (202) 547-5692 | thomas.schmidt@hoganlovells.com |
| Facsimile: (202) 553-5999 | mohan.warusha- |
| vieuxh@humanrightsfirst.org | hennadige@hoganlovells.com |
| stottlemyerp@humanrightsfirst.org | |
| *Counsel for Plaintiff Human Rights First* | *Counsel for Plaintiffs* |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CAPITAL AREA IMMIGRANTS' RIGHTS COALITION, *et al.*,<br><br>                    Plaintiffs,<br><br>     v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>                    Defendants. | Civil Action No. 1:19-cv-02117-TJK |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2019, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system.  Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

October 23, 2019                                Respectfully submitted,

                                                **HOGAN LOVELLS US LLP**

                                                /s/ Justin W. Bernick
                                                Justin W. Bernick
                                                555 Thirteenth Street NW
                                                Washington, DC 20004
                                                Telephone: (202) 637-5600
                                                Facsimile: (202) 637-5910
                                                justin.bernick@hoganlovells.com