UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAPITAL AREA IMMIGRANTS' RIGHTS COALITION, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>Defendants. | Civil Action No. 1:19-cv-02117-TJK |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF
PLAINTIFF J.M.M.'S UPCOMING REMOVAL**

J.M.M. fled El Salvador after being raped and beaten for over a year by a member of the MS-13 gang. She initially attempted to resettle in Mexico. But MS-13 found her there, too, and gang members beat her again. They told her that "they would find her wherever she was hiding." First Am. Compl. ¶ 13.

On July 16, 2019—more than eight months ago—J.M.M. entered the United States and sought asylum here. *Id.* ¶ 15. That very day, however, Defendants issued a rule stripping J.M.M. and thousands of persons like her of the right to apply for asylum, on the ground that the failure to seek asylum in Mexico "raises questions about the validity and urgency of the alien's claim." Asylum Eligibility and Procedural Modifications, 84 Fed. Reg. 33,829, 33,839 (July 16, 2019). J.M.M. promptly filed suit in this Court to have the rule declared invalid. While waiting for her legal claims to be adjudicated, J.M.M. was detained in immigration facilities, and the Government pursued her removal. Welborn Decl. ¶ 13.

That removal process has now concluded. An immigration judge recently found that,

1

under the challenged Rule, J.M.M. is categorically ineligible for asylum, and that as an administrative officer he lacks authority to review the Rule's legality. *Id.* ¶¶ 6-12. Although J.M.M. has a right to appeal, she has reluctantly decided to forgo further proceedings. After enduring the hardship of months of immigration detention—and facing the uncertain prospect of months more, while legal proceedings here and in immigration court continue—J.M.M. was left with no option but to acquiesce to her removal. *Id.* ¶ 14.

J.M.M.'s circumstances are not unique. RAICES, CAIR Coalition, and Human Rights First conservatively estimate that, since July 16, they have assisted at least 2,000 individuals who have been subject to the Rule. The life-and-death stakes of this case remain as high as they ever were; although the Government has issued new restrictions on entry since the coronavirus pandemic began, those restrictions have no application to the tens of thousands of individuals who crossed the border between July 16, 2019, and March 20, 2020. *See* Control of Communicable Diseases; Foreign Quarantine: Suspension of Introduction of Persons Into United States From Designated Foreign Countries or Places for Public Health Purposes, 85 Fed. Reg. 16,559 (Mar. 20, 2020). Those individuals are being denied asylum solely on the basis of the Rule, the legality of which is the subject of the summary judgment motion pending before this Court. *See* ECF No. 59. And as the immigration judge's decision makes clear, Article III courts are the only body with the power and the duty to review the Rule's lawfulness.

Dated: March 24, 2020

Respectfully submitted,

**HOGAN LOVELLS US LLP**

/s/ Justin W. Bernick

Manoj Govindaiah
RAICES, INC.
802 Kentucky Ave.
San Antonio, TX 78212
Telephone: (210) 222-0964
Facsimile: (210) 212-4856
manoj.govindaiah@raicestexas.org

*Counsel for Plaintiff Refugee and Immigrant Center for Education and Legal Services, Inc.*

Adina Appelbaum (Bar No. 1026331)
CAPITAL AREA IMMIGRANTS'
RIGHTS COALITION
1612 K Street NW, Suite 204
Washington, DC 20006
Telephone: (202) 899-1412
Facsimile: (202) 331-3341
adina@caircoalition.com

*Counsel for Plaintiff Capital Area Immigrants' Rights Coalition*

Hardy Vieux (Bar No. 474762)
Patricia Stottlemyer (Bar No. 888252536)
HUMAN RIGHTS FIRST
805 15th Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: (202) 547-5692
Facsimile: (202) 553-5999
vieuxh@humanrightsfirst.org
stottlemyerp@humanrightsfirst.org

*Counsel for Plaintiff Human Rights First*

Neal K. Katyal (Bar No. 462071)
T. Clark Weymouth (Bar No. 391833)
Craig A. Hoover (Bar No. 386918)
Justin W. Bernick (Bar No. 988245)
Mitchell P. Reich (Bar No. 1044671)
Elizabeth Hagerty (Bar No. 1022774)
Kaitlin Welborn (Bar No. 88187724)
Heather A. Briggs (Bar No. 241719)
Michael J. West (Bar No. 1616572)
555 Thirteenth Street NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
neal.katyal@hoganlovells.com
t.weymouth@hoganlovells.com
craig.hoover@hoganlovells.com
justin.bernick@hoganlovells.com
mitchell.reich@hoganlovells.com
elizabeth.hagerty@hoganlovells.com
kaitlin.welborn@hoganlovells.com
heather.briggs@hoganlovells.com
michael.west@hoganlovells.com

Thomas P. Schmidt
Mohan Warusha Hennadige
390 Madison Avenue
New York, NY 10017
Facsimile: (212) 918-3100
thomas.schmidt@hoganlovells.com
mohan.warusha-hennadige@hoganlovells.com

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAPITAL AREA IMMIGRANTS' RIGHTS COALITION, *et al.*,<br><br>      Plaintiffs,<br><br>  v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>      Defendants. | Civil Action No. 1:19-cv-02117-TJK |

## CERTIFICATE OF SERVICE

  I hereby certify that on March 24, 2020, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

March 24, 2020

Respectfully submitted,

**HOGAN LOVELLS US LLP**

/s/ Justin W. Bernick
Justin W. Bernick
555 Thirteenth Street NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
justin.bernick@hoganlovells.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAPITAL AREA IMMIGRANTS' RIGHTS COALITION, *et al.*,<br><br>               Plaintiffs,<br><br>  v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>               Defendants. | Civil Action No. 1:19-cv-02117-TJK |

## **DECLARATION OF KAITLIN WELBORN**

I, Kaitlin Welborn, declare under penalty of perjury as prescribed in 28 U.S.C. § 1746:

1.     The facts contained in this declaration are known personally to me and, if called as a witness, I could and would testify competently thereto under oath.  I submit this sworn declaration in support of Plaintiffs' Response To Defendants' Notice Of Plaintiff J.M.M.'s Upcoming Removal, filed concurrently herewith.

2.     I am an attorney at Hogan Lovells US LLP in Washington, D.C.

3.     I am counsel in the above-captioned action for Plaintiffs Capital Area Immigrants' Rights Coalition ("CAIR Coalition"), Refugee and Immigrant Center for Education and Legal Services, Inc. ("RAICES"), Human Rights First, Y.G.C., J.M.M., D.L.R., Z.B.M., N.G.R.L., W.M.R.O., C.C.R.O., M.Y.R.B., and K.M.V.M.

4.     I also represent J.M.M. in her immigration proceedings, including at her individual merits hearing in front of Immigration Judge Justin Adams on February 5, 2020.

5.      On February 28, 2020, I requested a recording of the February 5 hearing from the San Antonio Immigration Court.  The Immigration Court mailed me a copy of the recording.

6.      At the February 5 hearing, Judge Adams preliminarily found that J.M.M. was subject to the third-country transit bar, Asylum Eligibility and Procedural Modifications, 84 Fed. Reg. 33,829, 33,839 (July 16, 2019) (the "Rule"), which was in effect as of that date.

7.      I explained to Judge Adams that J.M.M. contested the substantive and procedural validity of the Rule, and that such arguments were contained within the briefing materials for the hearing.

8.      Judge Adams replied that he did not need "additional argument on whether [the Rule] should or should not" be applied and that he did not "think that's necessarily the appropriate forum."  He stated that he "would not rule that it is bad law, especially if a binding court has already said, look, right now it is good law that may change in the future."

9.      I explained to Judge Adams that "although this matter is being litigated, it has only been at the preliminary injunction level, and so there has not been any district court to rule on the merits of the Rule."  Judge Adams replied, "Correct, yes."

10.     I further explained that "it has been the Government's position [in *CAIR Coalition v. Trump*] that immigration judges, not district courts, should be the ones to pass judgment on the Rule itself."

11.     The attorney for the Department of Homeland Security replied that he was not aware of that position.  He stated that his position was that "the Judge can rule on it if it applies to the Respondent with what we know today," that J.M.M. entered the country after July 16, 2019 after transiting through a third country and did not qualify for any of the exceptions under

the Rule. He noted that his understanding was that "immigration judges can make a ruling as to that part of it," i.e., whether the Rule applied to J.M.M.

12. In his oral decision, Judge Adams held that the Rule applied, rendering J.M.M. ineligible for asylum, ordered that J.M.M.'s application for asylum be denied, and ordered that J.M.M. be removed to El Salvador.

13. J.M.M. has been in detention continuously since July 16, 2019.

14. J.M.M. declined to appeal this decision because, after seven months of detention already, she could not endure being detained for many more months as her appeal progressed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: March 24, 2020

Washington, D.C.

_____
Kaitlin Welborn