## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAPITAL AREA IMMIGRANTS' RIGHTS COALITION, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>Defendants. | Civil Action No. 1:19-cv-02117-TJK |

### DEFENDANTS' RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY

In their March 5 notice, Plaintiffs contend that the Ninth Circuit's decision in *East Bay Sanctuary Covenant v. Trump*, 950 F.3d 1242 (9th Cir. 2020), supports their arguments that they possess Article III standing and that the government did not properly invoke the good-cause and foreign-affairs exceptions to the Administrative Procedure Act's (APA) notice-and-comment requirements. ECF 63. Plaintiffs are mistaken.

In *East Bay*, the plaintiffs, who were organizations, challenged an interim final rule (Aliens Subject to a Bar on Entry Under Certain Presidential Proclamations; Procedures for Protection Claims, 83 Fed. Reg. 55,934 (Nov. 9, 2018)), issued without advanced notice-and-comment procedures that made certain aliens categorically ineligible for a grant of asylum. 950 F.3d at 1265-70. The Attorney General and the Secretary of Homeland Security had invoked the APA's good-cause exceptions, 5 U.S.C. § 553(b)(B), (d)(3), to issue the interim final rule without advanced notice-and-comment or a delayed effective date, based on their judgment that a substantial delay before the rule took effect would cause a damaging surge in illegal migration. *See* 950 F.3d at 1277-1278. The plaintiff organizations alleged that they had Article III standing to challenge the

rule because they would have lost clients without diverting resources to respond to the rule, would lose funding, and would need to use funding to tend to their clients' heightened non-legal needs. *Id.* at 1266. They also argued that the rule at issue in that case did not satisfy the good-cause exception because it relied on an article detailing how smugglers upon hearing about a proposed government action will advise migrants to cross the border before that action takes effect and its own judgment. *Id.* at 1278.

The Ninth Circuit held that the plaintiffs had organizational standing under *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), by showing even "one less client . . . but-for the Rule's issuance." *Id.* at 1267. It also held that the government had not properly invoked the good-cause exception to notice-and-comment rulemaking. *Id.* at 1278. The district court had found the good-cause exception satisfied, in part on its expert judgment and in part on the basis of a news report detailing how alien smugglers urge migrants to cross the border illegally in response to changes in immigration policies. *See id*. The Ninth Circuit, however, held that the government had not properly invoked the good-cause exception because, in its view, the government had provided insufficient "evidence ... to suggest that any of its predictions are rationally likely to be true." *Id.* It additionally held that the foreign-affairs exception did not apply when the government detailed ongoing negotiations with Mexico over the shared border. *Id.* at 1279.

Neither *East Bay*'s jurisdictional holding nor its notice-and-comment holding helps Plaintiffs here.

As to standing: As Defendants have explained, under D.C. Circuit law, Plaintiffs have not alleged organizational harm that is sufficient to establish standing under *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982). *See* PI Opp. 12-16. D.C. Circuit case law holds that an organization has standing under *Havens Realty* only when "the action challenged . . . is at loggerheads with the stated mission of the plaintiff." *Nat'l Treasury Emps. Union v. United States*, 101 F.3d 1423, 1429

(D.C. Cir. 1996). Under D.C. Circuit precedent, "[t]he mere fact that an organization redirects some of its resources to litigation and legal counseling in response to actions . . . by another party is insufficient to impart standing on the organization." *Id.* at 1434. Plaintiffs fail this test. *See* PI Opp. 12-16. *East Bay*'s boundless view of organizational standing—that even "one less client" will always supply injury, 950 F.3d at 1267—eviscerates Article III's requirements and is inconsistent with this Circuit's law.

As to notice and comment: As Defendants have explained, the record here amply supports a finding that the government properly invoked the good-cause and foreign-affairs exceptions to notice and comment under this Circuit's precedents. PI Opp. 38-44. The Ninth Circuit was reviewing a different record than the one that is present here. On top of that point, the Ninth Circuit in *East Bay* did not afford the deference that this Circuit's law requires—that is, "defer[ence] to an agency's factual findings and expert judgments therefrom, unless such findings and judgments are arbitrary and capricious." *Sorenson Commc'ns Inc. v. F.C.C.*, 755 F.3d 702, 706 (D.C. Cir. 2014); *see also EarthLink, Inc. v. F.C.C.*, 462 F.3d 1, 12 (D.C. Cir. 2006) ("predictive judgments about areas that are within the agency's field of discretion and expertise are entitled to particularly deferential review").

As to foreign affairs: The Ninth Circuit's conclusion that the rule will not "provoke definitely undesirable international consequences," *East Bay*, 940 F.3d at 1279, is not what the statute requires. *See* 5 U.S.C. § 553(a)(1). Rather, by its plain text the foreign-affairs exception applies when a rule "involve[s]" a "foreign affairs function of the United States"—without regard to harm. *Id.*; *see Rajah v. Mukasey*, 544 F.3d 427, 437 (2d Cir. 2008) (there is "no requirement" that agency state a finding of undesirable international consequences, particularly "when the consequences are seemingly as evident" as they are here); *Raoof v. Sullivan*, 315 F. Supp. 3d 34, 43-44 (D.D.C. 2018) (affirming Department of State's invocation of the foreign-affairs exception

to promulgate a rule governing the "exchange visitor program" without notice and comment because it "relates to the foreign affairs and diplomatic duties conferred upon the Secretary of State and the State Department"). The Ninth Circuit's decision also ignores the settled rule that the government "is not required to conclusively link all the pieces in the puzzle" when "seeking to prevent imminent harms in the context of international affairs and national security." *Holder v. Humanitarian Law Project*, 561 U.S. 1, 34-35 (2010); *see Earthlink, Inc.*, 462 U.S. at 12.

Dated: April 8, 2020

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director

EREZ REUVENI
Assistant Director

*s/Lauren C. Bingham*
LAUREN C. BINGHAM
Senior Litigation Counsel
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 616-4458
Email: lauren.c.bingham@usdoj.gov

*Attorneys for Defendants*